[Cite as *Emigh v. Swiger*, 2016-Ohio-272.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CRISTA EMIGH, nka TABOR

      Plaintiff-Appellant

-vs-

SHAUN SWIGER

      Defendant-Appellee

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. 2015 CA 00110

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2007 JCV 01228 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 25, 2016 |


APPEARANCES:

For Plaintiff-Appellant

JOHN E. HAUPT
HAUPT LAW OFFICES
950 South Sawburg
Alliance, Ohio 44601

For Defendant-Appellee

TRACEY A. LASLO
COURTNEY S. BALDWIN
325 East Main Street
Alliance, Ohio 44601

*Wise, J.*

{¶1} Appellant Crista Emigh nka Tabor appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted unsupervised visitation time between her minor son and the child's father, Appellee Shaun Swiger. The relevant facts leading to this appeal are as follows.

{¶2} Appellant Crista and Appellee Shaun are the parents of E.S., born in 2005. Appellant was designated the residential and custodial parent of E.S. via an order from the Stark County Juvenile Court issued on January 16, 2009. In said order, appellee was granted the court's standard order of visitation.

{¶3} However, on April 22, 2010, the court issued an order suspending appellee's visitation with E.S.

{¶4} On May 6, 2010, the aforesaid suspension was modified via a magistrate's order to permit supervised visitation by appellee under the Safe Haven Program.

{¶5} On December 23, 2013, appellee-father filed a motion for the reallocation of parental rights and responsibilities or, in the alternative, a motion for shared parenting.

{¶6} On February 11, 2014, appellant-mother filed a motion for supervised visitation.

{¶7} On May 20, 2014, the court issued a temporary order granting appellee weekly Sunday visits with E.S. for two to three hours in duration at Silver Park in Alliance, Ohio. Said visits were to be supervised by appellant.

{¶8} A trial on the pending motions was held before the chief magistrate on October 29, 2014 and January 26, 2015.

{¶9} Following the trial, the chief magistrate issued an eleven-page decision on March 10, 2015. His first finding of fact is as follows: "Matter proceeded to trial on several motions. Defendant (Father) filed a Motion for Reallocation of Parental Rights and Responsibilities on December 23, 2013. Plaintiff (Mother) filed a Motion for Supervised Visits and Motion for Modification of Child Support on February 11, 2014. Service has been perfected. Jurisdiction over the parties and subject matter exists with regard to the pending motions." Magistrate's Decision at 1.

{¶10} The chief magistrate also found, *inter alia*, that the guardian ad litem had recommended that appellee begin having unsupervised visitation "at a graduated schedule." *Id.* at 7. The chief magistrate ultimately ordered appellant to remain the residential parent and legal custodian, and correspondingly denied appellee's motion for the reallocation of parental rights and responsibilities or, in the alternative, motion for shared parenting. He further determined that it would be in the child's best interest for the following visitation phase-in schedule to be introduced, culminating in unsupervised visitation by appellee:

Commencing March 21, 2015 Father to have visits with E.S. as follows:

Beginning the first weekend, Father to visit on Saturday or Sunday from 10:00 am until 2:00 pm every other weekend for six (6) rotations. The first three (3) visits to be supervised by a paid visitation supervisor at Father's expense. The next three (3) visits to be supervised by paternal grandmother. The next set of visits shall be unsupervised and shall occur on Saturday or Sunday from 10:00 am to 4:00 pm every other weekend for

six (6) rotations. Mother to transport for the preceding visits. The next visits shall occur all day Saturday or Sunday from 10:00 am to 8:00 pm every other weekend for three (3) rotations. The next set of visits shall occur with Father receiving all day Saturday and all day Sunday from 10:00 am to 8:00 pm every other weekend for three (3) rotations. The visits and transitions to the next stage shall occur on an every other weekend schedule. The parent receiving E.S. to transport for the preceding visits. Following the transitional visits, Father to have exhibit A with two (2) weeks in the summer for vacation. The summer vacation time shall be taken in one (1) week blocks with at least two (2) weeks in between the one (1) week blocks.

**{¶11}** *Id.* at 8-9.

**{¶12}** Additional orders, including a modification of child support, were also recommended in the decision.

**{¶13}** On March 20, 2015, appellant filed objections under Civ.R. 53, including a specific objection that despite the chief magistrate's above ruling, appellee had not filed any motion beyond his request for a reallocation of parental rights, or, in the alternative, shared parenting.

**{¶14}** On May 7, 2015, the juvenile court isued a judgment entry approving and adopting the chief magistrate's decision.

**{¶15}** On June 5, 2015, appellant filed a notice of appeal. The juvenile court thereafter issued an order staying execution of the judgment, ordering the temporary order to remain in effect pending the present appeal. Appellant herein raises the following sole Assignment of Error:

**{¶16}** "I. THE TRIAL COURT ERRED BY MODIFYING THE VISITATION RIGHTS OF THE APPELLEE."

I.

**{¶17}** In her sole Assignment of Error, appellant argues the trial court erred in modifying its visitation orders regarding E.S. We disagree.

**{¶18}** Appellant couches her argument as a claim of a violation of due process; in other words, while appellant had requested *supervised* visitation between appellee and E.S. via her motion of February 11, 2014, she maintains that she was not provided with actual or constructive knowledge of the potential for a phased-in order of unsupervised visitation, as appellee had only filed for reallocation of parental rights or shared parenting via his motion of December 23, 2013.

**{¶19}** We have recognized that "[a]t a minimum, due process of law requires notice and opportunity for a hearing, that is, an opportunity to be heard." *Shell v. Shell,* 5th Dist. Stark No. 2010CA00026, 2010–Ohio–5813, ¶ 24, citing *Mathews v. Eldridge* (1976), 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18.

**{¶20}** In Ohio, "custody" and "visitation" are related but distinct legal concepts. *See, e.g., In re J.S.,* 11th Dist. Lake No. 2011-L-162, 2012-Ohio-4461, ¶ 28. "Custody" resides in the party or parties who have the right to ultimate legal and physical control of a child; "visitation" resides in a noncustodial party and encompasses that party's right to visit the child. *Id.,* citing *Braatz v. Braatz,* 85 Ohio St.3d 40, 44, 706 N.E.2d 1218 (1999). R.C. 3109.04 addresses the allocation of parental rights and responsibilities, the General Assembly's preferred terminology in lieu of the term "custody." *See Litreal v. Litreal,* 4th Dist. Adams No. 93 CA 546, 1993 WL 415310, f.n. 2. *See, also, Fisher v. Hasenjager,*

116 Ohio St.3d 53, 876 N.E.2d 546, 2007–Ohio–5589, ¶ 22 (noting that the General Assembly changed the terms "custody and control" to "parental rights and responsibilities" when it amended R.C. 3109.04 in 1991). In contrast, parental "visitation" rights and "parenting time" rights, which are often discussed interchangeably, may be modified as set forth in R.C. 3109.051. *See In re A.J.*, 8th Dist. Cuyahoga No. 99881, 2013-Ohio-5737, ¶ 10.[1]

{¶21} Thus, there is some initial merit in appellant's claim that relief in the form of unsupervised visitation was never specifically pled in either party's motions which were addressed in the evidentiary hearings of October 29, 2014 and January 26, 2015. Under the Ohio Rules of Civil Procedure, cases should be decided on the issues actually litigated at trial. *See Meilen v. Meilen*, 10th Dist. Franklin No. 13AP-66, 2013-Ohio-4883, ¶ 21, citing Civ.R. 15(B). As appellant notes, while a number of the best interest factors listed in R.C. 3109.04(F) for the reallocation of parental rights and responsibilities are the same as or similar to the factors for visitation modification under R.C. 3109.51(D), some of them are unique to the latter statute. Appellant urges that she was prejudiced by not being aware that she might have to address these additional factors.

{¶22} However, we are not inclined to find reversible error under the circumstances of the case *sub judice* for at least three reasons. First, we find appellant's own motion for supervised visitation between appellee and the child sufficiently opened the door to a prospective general litigation of visitation issues, at least to the point that

---

[1]   The juvenile court jurisdictional statute, R.C. 2151.23(F)(1), cross-references R.C. 3109.04. Our review of the pertinent case law reveals general acceptance of R.C. 3109.051 in juvenile courts as well. *See, e.g., Price v. Nixon,* 2nd Dist. Clark No. 2010-CA-058, 2011-Ohio-2430, ¶ 36. *See, also,* R.C. 3109.12(B).

appellant's due process rights were not implicated. Secondly, appellee's motion for reallocation included a catch-all request for "such other relief as shall be found in the best interest of the parties['] minor child." Finally, appellant's counsel's opening trial statements undermine appellant's present claim that she did not implicitly consent to a general review of visitation issues: "I think after hearing the testimony of the Guardian and my client and another witness that we have today, we believe that the Court will find that supervised visitation is the appropriate method of companionship for dad. Um what I have asked the Court to do, *I would ask the Court to consider uh if in fact this was a child, any child, your child, the guardian's child, my child, anybody's child, whether or not a parent would feel safe allowing the child to be with the father in an unsupervised visitation mode.*" Tr., October 29, 2014, at 6 (emphasis added).

**{¶23}** Accordingly, we are unpersuaded that appellant's due process rights were violated due to a claimed lack of prior notice about the nature of the proceedings before the chief magistrate.

**{¶24}** Appellant's sole Assignment of Error is therefore overruled.

**{¶25}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.

By: Wise, J.
Gwin, P. J., and
Hoffman, J., concur.

JWW/d 111