[Cite as *State v. Shawhan*, 2018-Ohio-2428.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27698 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-3816 |
| | : | |
| PATRICK J. SHAWHAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of June, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JOHNNA M. SHIA, Atty. Reg. No. 0067685, 130 West Second Street, Suite 1624, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Patrick Shawhan, following plea negotiations, pleaded guilty to three counts of rape, one count of tampering with evidence, and one count of pandering obscenity involving a minor. The plea agreement provided that the remaining indictment counts would be dismissed, that Shawhan would withdraw his pending suppression motion, that the rape counts would not merge, and that Shawhan would be sentenced to a prison term of 20-25 years. The trial court imposed a 20-year prison term. The prison term included a consecutive sentence which was imposed without the trial court making the R.C. 2929.14(C)(4) consecutive sentence findings. Shawhan appeals, asserting that the trial court erred by not merging the rape counts and that his trial counsel provided ineffective assistance by agreeing that the rape counts would not merge and by agreeing with the trial court's assertion that the R.C. 2929.14(C)(4) consecutive sentence findings were not necessary. Shawhan, from this, suggests that his guilty plea was not knowing. We determine that the trial court did not err by failing to merge the rape counts, that Shawhan's trial counsel did not provide ineffective assistance regarding the merger issue, and that an appeal of his consecutive sentence is not authorized under R.C. 2953.08(D)(1). As a result, the trial court's judgment will be affirmed.

**Facts**

{¶ 2} Shawhan was indicted on five counts of rape (substantially impaired) in violation of R.C. 2907.02(A), one count of pandering obscenity involving a minor (create, reproduce, publish) in violation of R.C. 2907.03, five counts of sexual battery (parent) in

violation of R.C. 2907.05, one count of gross sexual imposition (substantially impaired) in violation of R.C. 2907.11, and four counts of tampering with evidence (alter/destroy) in violation of R.C. 2923.13. The indictment arose from an incident involving Shawhan's minor daughter with the incident being video recorded by Shawhan.

{¶ 3} Shawhan filed a motion to suppress and an amended motion to suppress. However, before the suppression hearing was completed, the parties entered into a negotiated plea agreement. The agreement provided that Shawhan would plead guilty to three rape counts (counts 1, 5, and 7), one count of tampering with evidence (count 9), and the one count of pandering obscenity involving a minor (count 16), with the remaining counts being dismissed. The parties further agreed that the rape counts would not merge as allied offenses of similar import, that Shawhan would withdraw the suppression motion and the amended suppression motion, that Shawhan's prison term would be between 20-25 years, and that the prison term could be composed of all mandatory prison time or a combination of mandatory and non-mandatory prison time. The parties, though this is not part of the plea agreement, did acknowledge during the Crim.R. 11 plea hearing that the trial court, based upon the negotiated plea, was not required to make the R.C. 2929.14(C)(4) consecutive sentence findings.

{¶ 4} The State, during the plea hearing, articulated the facts supporting each count to which Shawhan was entering a guilty plea. The State, pertinent to this appeal, stated that the sexual conduct connected to count 1 was cunnilingus, that the sexual conduct connected to count 5 was penile vaginal penetration, and that the sexual conduct connected to count 7 was digital vaginal penetration.

{¶ 5} The trial court sentenced Shawhan to a 20-year prison term. The sentence

was reached by sentencing Shawhan to a 10-year prison term on each rape count, to a 36-month prison term on the tampering with evidence count, and to an 8-year prison term on the pandering obscenity involving a minor count. With one exception, the trial court ordered that the sentences be served concurrently. The exception, with this being necessary to arrive at a prison term within the agreed range, is that the trial court ordered the count 7 rape sentence be served consecutively to the remaining concurrent sentence. The trial court, in doing so, did not make the R.C. 2929.14(C)(4) consecutive sentence findings. Shawhan, thereafter, filed a delayed appeal which we allowed.

**Analysis**

{¶ 6} Shawhan's first assignment of error is as follows:

SHAWHAN'S GUILTY PLEAS WERE NOT KNOWING DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL AND FAILURE OF THE TRIAL COURT TO ABIDE BY THE MANDATES OF CRIM.R. 11.

{¶ 7} Shawhan, in this assignment of error, does not articulate how trial counsel was ineffective or how trial counsel's ineffectiveness made Shawhan's guilty plea less than knowing. Further, the discussion does not explain how the trial court failed to comply with Crim.R. 11. Given this, further discussion of Shawhan's first assignment of error is not necessary and it is overruled.

{¶ 8} Shawhan's second assignment of error states the following:

SHAWHAN'S SENTENCE IS CONTRARY TO LAW.

{¶ 9} This assignment of error is divided into two sections with the first section asserting the following:

SHAWHAN'S PLEA WAS UNKNOWING DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL FOR AGREEING THAT THE RAPE COUNTS IN THIS CASE WOULD NOT MERGE AS ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 10} Shawhan argues that the three separate rape counts to which he pleaded guilty are allied offenses of similar import, that the trial court, despite the parties' agreement, was, under R.C. 2741.25, "precluded from imposing sentences on all three counts[,]" that trial counsel was "ineffective for agreeing that the rape convictions would not merge[,]" and, thus, that "Shawhan's plea was unknowingly entered and must be withdrawn."

{¶ 11} R.C. 2953.08 deals with felony sentencing appeals, with 2953.08(D)(1) stating that "[A] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution, and is imposed by a sentencing judge." If the requirements of R.C. 2953.08(D)(1) are met, an appellate court may not review a felony sentence. *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195. Further, we have "repeatedly * * * held that a sentence within an agreed-upon range is a jointly-recommended sentence under R.C. 2953.08(D)(1)." (Citations omitted.) *Id.* at ¶ 4.

{¶ 12} The Ohio Supreme Court has ruled that even if a sentence is jointly recommended and imposed by the trial court, it is not shielded from appellate review if the sentence imposes multiple convictions on offenses that are allied offenses of similar import. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E2d 923, ¶ 26.

The rationale for this conclusion is that such a sentence violates the double jeopardy clauses of the United States and Ohio Constitutions, and, thus, the sentence is not authorized by law. *Id.* at ¶ 23. The *Underwood* decision, however, states that "nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence." *Id.* at ¶ 29. In this circumstance, the trial court's sentence is authorized by law. *Id.*

{¶ 13} Turning to the pending case, the State and Shawhan stipulated that each rape count, with each count involving separate, distinct sexual conduct, was committed with a separate animus. The trial court, as such, did not err when it failed to merge the rape offenses as allied offenses of similar import.

{¶ 14} Shawhan, however, argues that his trial counsel provided ineffective assistance by allowing him to agree that the rape offenses would not be subject to merger.[1] To establish ineffective assistance of counsel a defendant must establish deficient performance and that he was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984); *State v. Hartman*, 2d Dist. Montgomery No. 27162, 2017-Ohio-7933, ¶ 30.

{¶ 15} A defendant, in order to establish that his attorney provided deficient representation, must "prove that his counsel's performance fell below an objective standard of reasonable representation." (Citations omitted.) *Hartman* at ¶ 30. This

---

[1] Given the conclusion that the trial court's reliance upon the parties' merger stipulation made the separate rape sentences authorized by law, there is a persuasive argument that Shawhan's ineffective assistance argument is not subject to appellate review. Nonetheless, we will review Shawhan's ineffective assistance contention.

objective standard includes a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Strickland* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶ 16} We cannot conclude, on this record, which includes a videotape of the sexual conduct at issue, that trial counsel performed in a deficient fashion by recommending to Shawhan that he accept the negotiated plea, which, of course, included the agreement that the rape counts would not merge. The plea agreement resulted in the dismissal of a number of counts and a prison term that, while lengthy, is a lesser prison term than could have been imposed following convictions at trial.[2]

{¶ 17} The second section of Shawhan's second assignment of error states the following:

> SHAWHAN'S PLEA WAS UNKNOWING DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL FOR AGREEING THAT THE COURT DID NOT HAVE TO GIVE ITS REASON FOR CONSECUTIVE SENTENCING.

{¶ 18} The Ohio Supreme Court has ruled that "[i]f a jointly recommended sentence includes nonmandatory consecutive sentences and the trial judge fails to make the consecutive-sentence findings set out in R.C. 2929.14(E)(4), the sentence is nevertheless 'authorized by law,' and therefore is not appealable pursuant to R.C. 2953.08(D)(1)." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 30. In other words, the R.C. 2929.14(C)(4) consecutive sentencing findings are

---

[2] If the *State v. Ruff*, 143 Ohio St.3d 114, 2005-Ohio-995, 34 N.E.3d 892, merger analysis had been required, it is likely the trial court would have concluded that each rape count, with each rape count involving separate sexual conduct, was committed with a separate animus. *State v. Neal,* 2016-Ohio-272, 57 N.E. 3d 272 (4th Dist.).

"unnecessary when the court imposes a jointly-recommended sentence." *State v. Essinger*, 2d Dist. Montgomery No. 26593, 2016-Ohio-4977, ¶ 8, citing *Sergent*.

**{¶ 19}** Shawhan's sentence meets the other R.C. 2953.08(D)(1) requirements and, under *Sergent*, the consecutive sentence, though not supported by the R.C. 2929.14(C)(4) findings, is authorized by law. Therefore, Shawhan's consecutive sentence argument is not subject to appellate review.

**{¶ 20}** Shawhan's second assignment of error is overruled.

## Conclusion

**{¶ 21}** Having overruled both assignments of error, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Heather N. Jans
Johnna M. Shia
Hon. Dennis J. Langer