[Cite as *State v. Chatman*, 2014-Ohio-134.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25766 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-291 |
| v. | : | |
| | : | |
| FRANK CHATMAN, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of January, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MICHAEL H. HOLZ, Atty. Reg. #0031902, 507 Wilmington Avenue, Suite 2, Dayton, Ohio 45420
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}    Defendant-appellant Frank Chatman, Jr. appeals from his convictions and

sentences on three of the six charges upon which he was indicted: having a weapon under disability (Count Three), felonious assault on a peace officer (Count Four), and vandalism (Count Five). Chatman entered guilty pleas to these offenses, and the remaining counts in the indictment were dismissed by the prosecutor. Chatman's assigned counsel has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he has not found any assignments of error having arguable merit.

{¶ 2}     We notified Chatman of the *Anders* filing and advised him of his right to file his own brief. He has not done so.

### The Course of Proceedings

{¶ 3}     A jury trial had been scheduled to begin on Monday, January 7, 2013. At a final pretrial conference on Friday, January 4, 2013, the defendant entered guilty pleas to the three enumerated charges with a negotiated sentence of seven years in prison, which included five of those years being mandatory because of his prior convictions of felonies of the first or second degree. On January 17, 2013, Chatman filed a pro se "motion to withdrawal [sic] of guilty plea." New counsel was appointed. An evidentiary hearing on the motion was conducted on March 1, 2013. By decision and entry filed April 17, 2013, the trial court overruled the motion to withdraw. On May 16, 2013, the defendant was sentenced to seven years in prison, five of which were mandatory, in compliance with the plea agreement.

### No Potential Assignments of Error Have Arguable Merit

{¶ 4}   In his brief, assigned counsel identifies five potential assignments of error but concludes that they lack arguable merit. The first is that "[t]he Defendant's guilty plea was not given knowingly, voluntarily and intelligently." We view this issue from the perspective of the

record of the plea itself, unaffected by the subsequent motion-to-withdraw hearing, because that latter issue is further addressed in the fifth potential assignment of error.

{¶ 5}     The record indicates that the trial court scrupulously conducted a comprehensive plea colloquy with the defendant. Twice the defendant indicated that his pleas were voluntary. (Plea Tr. at 13 & 21). At the conclusion, the trial court found that Chatman entered his pleas voluntarily and that he knowingly, voluntarily, and intelligently waived his constitutional rights. (*Id*. at 21). As counsel indicated, "The entire colloquy was in painstaking detail." (Brief at 2). The record contains no reasonable basis whatsoever to argue that the plea was anything other than knowingly, voluntarily, and intelligently given. The first potential assignment of error has no arguable merit.

{¶ 6}     The second potential assignment of error reads: "The court, before accepting Defendant's guilty plea, did not follow Criminal Rule 11." Counsel's only explanation of this potential error is that the trial court did not "ask the defendant what his formal education level was[.]" (Brief at 5). Counsel also notes, however, that "nothing in the Criminal Rules requires such an inquiry." (*Id*.). We agree. Moreover, absolutely nothing in the plea colloquy indicates a lack of understanding. Chatman repeatedly indicated that he understood the concepts the trial court explained to him. More than once, he indicated he had no questions. There simply is no reasonable basis whatsoever to argue that the mandatory requirements of Crim.R. 11 were not followed. The second potential assignment of error has no arguable merit.

{¶ 7}     The third potential assignment of error states: "The Defendant received ineffective assistance of counsel." The basis for this potential error appears to be trial counsel's involvement in negotiation of the seven-year plea deal.   A claim of ineffective assistance of trial

counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The prejudice prong requires a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. at 694. However, "an attorney's advice to take a plea deal is not ineffective assistance of counsel." *See State v. Shugart*, 7th Dist. Mahoning No. 08 MA 238, 2009-Ohio-6807, ¶ 37. There is nothing in the record before us to support an argument that counsel was ineffective by negotiating and participating in Chatman's acceptance of the deal. Accordingly, the third potential assignment of error has no arguable merit.

{¶ 8}   The fourth potential assignment of error alleges that "[t]he sentence imposed was contrary to law or an abuse of discretion." Assigned counsel acknowledges that the sentence is not contrary to law. We cannot conceive of any reasonable argument that the sentence is unlawful. We further note that an agreed sentence is not appealable pursuant to R.C. 2953 .08(D), which states that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Chatman's jointly-recommended, agreed sentence is authorized by law and, therefore, is not reviewable on appeal. Accordingly, the fourth potential assignment of error has no arguable merit.

{¶ 9} The fifth potential assignment of error states: "The court erred when it refused to set aside Defendant's January 4 guilty plea." In *State v. Hess*, 2d Dist. Montgomery No. 24453, 2012-Ohio-961, we said:

"A defendant does not have an absolute right to withdraw his plea, even if the motion is made prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph one of the syllabus. Instead, the decision of whether to grant or deny a motion to withdraw a plea rests within the sound discretion of the trial court. *Id.* at paragraph two of the syllabus. A trial court does not abuse its discretion in denying a motion to withdraw a plea when: (1) the accused is represented by competent counsel; (2) the accused was afforded a full Crim.R. 11 hearing before he entered his plea; (3) the accused is given a complete, impartial hearing on the motion to withdraw; and (4) the court gave full and fair consideration to the request to withdraw."

*Id.* at ¶ 18, quoting *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus. At times, we have added five more factors to consider. Those factors, which were set forth in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995), include: (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty or had a complete defense, and (9) whether the state is prejudiced by withdrawal of the plea. *Id.* at 240; *see also State v. Preston,* 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 19.

{¶ 10} Out of all the possible factors to evaluate, only two could have relevance to support withdrawal of Chatman's pleas. They are (5) whether the motion was made within a

reasonable time and (6) whether there was a reason for withdrawal. Chatman's motion was made within a reasonable time, but that factor alone is insufficient, as a matter of law, to support withdrawal of a plea. Standing alone, it would be frivolous to raise on appeal.

{¶ 11}  With regard to whether there was a reason for withdrawal, the reasons Chatman gave in his motion and in his testimony at the hearing were that he essentially was pressured into entering his pleas and, therefore, the pleas were involuntary. However, in its comprehensive decision overruling Chatman's motion, the trial court more than once found that he "falsely testified." The trial court concluded:

> "In his testimony, Chatman articulated four reasons in support of his motion to withdraw his guilty pleas: (1) Attorney Swift never contacted a potential witness, Eric Daugherty, who had been a passenger in Chatman's car. (2) Attorney Swift never talked to him prior to the January 4 plea hearing about entering a guilty plea to any of the charges. (3) Attorney Swift was not prepared to proceed to trial on January 7, 2013. (4) His guilty pleas on January 4 were involuntary.
>
> This Court has considered all four reasons and found all them (sic) to be untrue.

(Decision and Entry pg. 23).

{¶ 12}  The question for us to resolve in an *Anders* appeal is not whether an appellant inevitably will fail in his appeal, as is apparent here. The question is whether even raising a particular issue has arguable merit or whether it is frivolous. Given the trial court's findings and the record before us, no reasonable argument can be made that the trial court's denial of the

motion to withdraw constitutes reversible error. Accordingly, the fifth potential assignment of error has no arguable merit.

{¶ 13} We have performed our duty under *Anders* to conduct an independent review of the record. We thoroughly have reviewed the various filings, the written transcript of the plea colloquy, the transcript of the withdrawal hearing, and a video recording of the plea, which was introduced as an exhibit at the withdrawal hearing. We have found no non-frivolous issues for review.

{¶ 14} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Michael H. Holz
Hon. Dennis J. Langer