[Cite as *State v. Olsen*, 2019-Ohio-568.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | |
|---|---|
| STATE OF OHIO | : |
| | : |
| Plaintiff-Appellee | :    Appellate Case No. 28011 |
| | : |
| v. | :    Trial Court Case No. 2017-CR-4072 |
| | : |
| DAVID K. OLSEN | :    (Criminal Appeal from |
| | :    Common Pleas Court) |
| Defendant-Appellant | : |
| | : |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of February, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

CHRISTOPHER A. DEAL, Atty. Reg. No. 0078510, 2541 Shiloh Springs Road, Dayton, Ohio 45426
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, David K. Olsen, appeals from his convictions for one count of aggravated vehicular homicide, a second degree felony pursuant to R.C. 2903.06(A)(1)(a) and (B)(2); one count of aggravated vehicular assault, a third degree felony pursuant to R.C. 2903.08(A)(1)(a) and (B)(1); and one count of improperly handling a firearm in a motor vehicle, a fourth degree felony pursuant to R.C. 2923.16(B) and (I). Olsen, who pleaded guilty to the three offenses, argues that his convictions should be reversed because he did not receive effective assistance of counsel in connection with his decision to plead guilty, and because the trial court erred by imposing consecutive sentences for the offenses of aggravated vehicular homicide and aggravated vehicular assault. We find that Olsen's defense counsel did not fail to render effective assistance, and that Olsen has not cited clear and convincing evidence demonstrating either that the record does not support the sentences imposed by the trial court, or that the sentences are otherwise contrary to law. Therefore, Olsen's convictions are affirmed.

## I. Facts and Procedural History

{¶ 2} In the evening hours of October 14, 2017, Olsen was driving his pickup truck northbound on Route 4 in Riverside. Brian Jacques was driving his motorcycle, with Alysha Lewis riding as his passenger, some distance ahead of Olsen. Between 9:00 and 9:40 p.m., Olsen's truck collided with the rear of Jacques's motorcycle, pitching Jacques and Lewis out of their seats. Jacques survived, albeit with serious injuries, but Lewis died after being struck by a third vehicle as she lay on the roadway.

{¶ 3} Officers with the Riverside Police Department arrived shortly afterward. Olsen approached the officers and acknowledged his role in the accident, admitting that

he had consumed at least some alcohol earlier in the evening. After Olsen failed field sobriety tests, he refused to consent to a breath test, so the officers procured a warrant at approximately 12:24 a.m. on October 15, 2017, for an analysis of Olsen's blood. The analysis yielded a reading of 0.255 grams of alcohol per 100 milliliters of whole blood, well over the legal limit. *See* R.C. 4511.19(A)(1)(a)-(g).

{¶ 4} On February 22, 2018, a Montgomery County grand jury issued an indictment against Olsen, charging him with: Count 1, aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a); Count 2, aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a); Count 3, aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a); Count 4, aggravated vehicular assault in violation of R.C. 2903.08(A)(2)(b); Count 5, operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(f); Count 6, operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a); Count 7, improperly handling a firearm in a motor vehicle, in violation of R.C. 2923.16(B); Count 8, improperly handling a firearm in a motor vehicle, in violation of R.C. 2923.16(D)(1); and Count 9, improperly handling a firearm in a motor vehicle, in violation of R.C. 2923.16(D)(2).[1] Olsen pleaded guilty to Counts 1, 3

---

[1] Under R.C. 2903.06(A)(1)(a), the offense of aggravated vehicular homicide requires an underlying violation of R.C. 4511.19(A); under R.C. 2903.06(A)(2)(a), the offense requires a mens rea of recklessness, but not an underlying violation of any other statute. A parallel distinction applies to the provisions of R.C. 2903.08(A)(1)(a) and (A)(2)(b). R.C. 4511.19(A)(1)(f) prohibits a person with "a concentration of seventeen-hundredths of one per cent or more by weight per unit volume of alcohol in the person's whole blood" from operating a motor vehicle; R.C. 4511.19(A)(1)(a) similarly prohibits a person who "is under the influence of alcohol, a drug of abuse, or a combination" of these from operating a motor vehicle, though it makes no reference to the concentration of alcohol in a person's blood. A person violates R.C. 2923.16(B) by "knowingly transport[ing] or hav[ing] a loaded firearm in a motor vehicle" such that "the firearm is accessible to the operator [of the vehicle] or [to] any passenger." A violation of R.C. 2923.16(D)(1) occurs when a person "is under the influence of alcohol, a drug of abuse, or a combination" of these and

and 7 on April 12, 2018, and in exchange for his pleas, the State agreed to enter a nolle prosequi on each of the remaining counts. Transcript of Proceedings 3-4.[2] The parties reached no agreement on sentencing. *Id.*

{¶ 5} On April 26, 2018, the trial court sentenced Olsen to a mandatory term of imprisonment of eight years on Count 1; a mandatory term of imprisonment of five years on Count 3; and a term of imprisonment of 18 months on Count 7. The court ordered that Olsen serve his sentences on Counts 1 and 3 consecutively, and the sentence on Count 7 concurrently, for an aggregate sentence of 13 years. In sentencing Olsen, the court essentially followed the recommendations made by the State in its memorandum of April 19, 2018. Olsen's counsel did not file a sentencing memorandum on his behalf.

{¶ 6} The trial court filed its judgment entry on April 30, 2018. Olsen timely filed his notice of appeal on May 29, 2018.

## II. Analysis

{¶ 7} Because Olsen's first and second assignments of error implicate the same standard of review, we address them together. For his first assignment of error, Olsen contends that:

---

"knowingly transport[s] or [has] a loaded handgun in a motor vehicle"; R.C. 2923.16(D)(2) proscribes the same conduct but applies to situations in which the "person's whole blood, blood serum or plasma, breath, or urine contains a concentration of alcohol, a listed controlled substance, or a listed metabolite of a controlled substance prohibited for persons operating a motor vehicle, * * *, regardless of whether the person * * * is the operator of[,] or a passenger in[,] [a] motor vehicle" at the time of the offense.

[2] The transcript includes Olsen's plea hearing on April 12, 2018, and his sentencing hearing on April 26, 2018; we cite to the transcript only by page number because line numbers are not provided. Although the State confirmed on record that it "agree[d] to nolle the remainder of the charges" against Olsen, no corresponding entry appears on the trial court's docket. Transcript of Proceedings 3.

THE APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS TO SUPPRESS [sic] THE RESULTS OF THE FIELD SOBRIETY TEST OR THE BLOOD TEST RESULTS.

And for his second assignment of error, Olsen contends that:

THE APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO FILE A SENTENCING MEMORANDUM OR ARGUE FOR MINIMUM SENTENCING[.]

**{¶ 8}** Olsen maintains in his first assignment of error that "he had a good argument to make" in favor of the suppression of the evidence of his intoxication, "at least [with respect to] the [results of the analysis of his] blood," and he therefore faults his trial counsel for not filing a motion to suppress.   Appellant's Br. 7.   Despite the contradictory implication of his first assignment, Olsen tacitly concedes that he lacked any reasonable grounds to move for the suppression of the results of the field sobriety tests administered at the scene of the accident.   *See id.* at 7-10; *see also* Appellant's Br. 3; Appellee's Br. 2.   In his second assignment of error, Olsen faults his trial counsel further for "neglect[ing] to file a sentencing memorandum" and for neglecting "to request * * * minimal sentencing," though he makes no express attempt to establish that counsel's performance caused him prejudice, that the record did not support the sentences imposed by the trial court, or that the sentences were otherwise unlawful.   *See* Appellant's Br. 11-12.

**{¶ 9}** To prevail on a claim of "ineffective assistance of counsel, a defendant must

satisfy the two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *State v. Cardenas*, 2016-Ohio-5537, 61 N.E.3d 20, ¶ 38 (2d Dist.). The *Strickland* test requires a showing that: "(1) defense counsel's performance was so deficient that [it did not fulfill the right to assistance of counsel] guaranteed under the Sixth Amendment to the United States Constitution; and (2) * * * defense counsel's errors prejudiced the defendant." *Id.*, citing *Strickland* at 687. Judicial "scrutiny of counsel's performance must be highly deferential," so "a [reviewing] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Strickland* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). To show prejudice, the defendant bears the burden to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of [a given] proceeding would have been different." *Id.* at 694; *State v. Southern*, 2d Dist. Montgomery No. 27932, 2018-Ohio-4886, ¶ 47. A failure "to make either showing defeats" the claim. *Cardenas* at ¶ 38.

{¶ 10} A "plea of guilty," on the other hand, "is a complete admission of guilt," and as a consequence of pleading guilty, a defendant "waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that [any purported] errors" prevented the plea from being made "knowingly, intelligently, and voluntarily." (Citations omitted.) *State v. Leonard*, 2d Dist. Montgomery No. 27411, 2017-Ohio-8421, ¶ 13. Thus, to prevail on a claim of ineffective assistance of counsel after having pleaded guilty, a defendant must show that: (1) counsel's advice "was 'not within the range of competence demanded of attorneys in criminal cases' "; and (2) "but for counsel's errors," there was "a reasonable probability" that the defendant "would not have pleaded guilty

but would have insisted on going to trial." *See Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Leonard* at ¶ 13; *State v. Huddleson*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9.

{¶ 11} In his first assignment of error, Olsen suggests that the State violated the Ohio Revised Code and the Ohio Administrative Code with respect to the analysis of his blood. According to Olsen, "[i]t appears" that the State "[f]ailed to draw [a sample] within three hours" of the accident "as required by [R.C.] 4511.19[(D)(1)(b)]," and further, that the State "may have" failed to comply with the applicable authority governing chain of custody and the "proper procedures regarding the collect[ion], handling, processing, [and] stor[age]" of the sample. *See* Appellant's Br. 9. Olsen argues that his defense counsel rendered ineffective assistance by not moving to suppress the results of the analysis because—if only on the basis of the allegedly improper timing of the blood draw—the motion would have been sustained. *See id.* at 9-10.

{¶ 12} We find that Olsen has not met his burden on appeal. He notes in his brief that the accident occurred "around 9 pm [sic]" and that "a search warrant to draw [his] blood was secured at 12:21 a.m. on October 15, 2017"; the State says that officers with the Riverside Police Department obtained the warrant three minutes later, at 12:24 a.m. Appellant's Br. 3; Appellee's Br. 2. Yet, the presentence investigation report indicates that officers were dispatched to the scene of the accident "at approximately 9:40 p.m.," meaning that the accident occurred between 9:00 and 9:40 p.m. on October 14, 2017. Assuming that officers obtained the search warrant at 12:24 a.m. on October 15, 2017, and that the blood draw was performed shortly thereafter, the sample would seem to have

been drawn within the three-hour limit.[3]  *Compare with State v. Barger*, 2017-Ohio-4008, 91 N.E.3d 277, ¶ 27-33 (holding that the results of a "blood draw that occurred approximately three and one-half hours after [a] fatal [automobile] accident" were admissible, among other reasons, because officials "substantially complied" with "the administrative requirements").   Absent any indication to the contrary in the record of this matter, Olsen has not demonstrated a reasonable probability that the trial court would have sustained a motion to suppress the results of the analysis of his blood. Concomitantly, Olsen has not demonstrated a reasonable probability that he would not have chosen to plead guilty had his trial counsel filed a motion to suppress, and his remaining concerns about the propriety of the blood draw consist of mere speculation that, "[p]otentially, * * * the testing was not in substantial compliance with standardized testing procedures."   Appellant's Br. 9.   Olsen's first assignment of error is overruled.

{¶ 13} In his second assignment of error, Olsen criticizes his trial counsel for not filing a sentencing memorandum on his behalf and for not requesting the minimum possible sentence at his sentencing hearing.   Olsen's counsel, however, did not have an affirmative obligation to file a sentencing memorandum, nor was the filing of a memorandum the sole means at counsel's disposal to advocate on Olsen's behalf for purposes of sentencing.   *See State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 4; *see also, e.g., Leonard*, 2017-Ohio-8421, at ¶ 9-20.   Furthermore, as the State notes, Olsen's counsel did advocate for leniency at the sentencing hearing, albeit by diplomatically, and perhaps somewhat obliquely, describing an apparently friendly out-of-

---

[3] Neither of the parties indicates exactly when Olsen's blood was drawn, but the presentence investigation report states that Olsen had already been arrested and taken to a hospital emergency room at the time officers obtained the warrant.

court encounter between Olsen's family and Lewis's family and asking the trial court to "take everything into consideration and find a way to extend some grace in this case." Transcript of Proceedings 20. Olsen might now take issue with counsel's arguably passive approach to the matter of sentencing, but we "must indulge a strong presumption" that counsel's approach was an exercise of reasonably professional judgment. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. Olsen's second assignment of error is overruled.

{¶ 14} For his third assignment of error, Olsen contends that:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED MR. OLSEN TO THIRTEEN (13) YEARS IN PRISON BY ORDERING THAT TWO COUNTS BE SERVED CONSECUTIVELY.

{¶ 15} Olsen argues that the trial court abused its discretion by ordering that he serve his sentences for aggravated vehicular homicide and aggravated vehicular assault consecutively, rather than concurrently, which resulted in an aggregate term of imprisonment of 13 years. He emphasizes a number of mitigating factors that, in his view, should have led the trial court to impose a less severe aggregate sentence. *See* Appellant's Br. 15-16.

{¶ 16} A "trial court has full discretion to impose any sentence within the authorized statutory range, and [it] is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. On review of a felony sentence, an appellate court may vacate or modify the sentence "only if it determines by clear and

convincing evidence" that the sentence is not supported by the record or is otherwise contrary to law. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231, ¶ 1; *see also* R.C. 2953.08(G)(2). A sentence "is not contrary to law [if it falls] within the statutory range [and the trial court] expressly state[s] that it * * * considered the purposes and principles of sentencing [under] R.C. 2929.11 [and] 2929.12." (Citation omitted.) *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.).

{¶ 17} Here, the sentences imposed by the trial court for the offenses of aggravated vehicular homicide and aggravated vehicular assault fell within the ranges authorized by R.C. 2929.14(A)(2) and (3)(a). The trial court, moreover, stated for the record that it had "considered the purposes and principles of sentencing and the seriousness and recidivism factors [set forth] in the Revised Code," along with the factors applicable specifically to the imposition of consecutive sentences. Transcript of Proceedings 24; *see also* R.C. 2929.14(C). Thus, the sentences are not facially contrary to law, and Olsen has not cited clear and convincing evidence demonstrating that the sentences are not supported by the record. Olsen's third assignment of error is overruled.

### III. Conclusion

{¶ 18} We find that Olsen's defense counsel did not fail to render effective assistance, and further, that Olsen has not established through clear and convincing evidence that his sentences are either contrary to law or unsupported by the record. Therefore, Olsen's convictions are affirmed

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Heather N. Jans
Christopher A. Deal
Hon. Mary Lynn Wiseman