[Cite as *State v. Dapice*, 2020-Ohio-4324.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-2 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-642 |
| | : | |
| ROBERT D. DAPICE, III | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of September, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

GLENDA A. SMITH, Atty. Reg. No. 0070738, P.O. Box 15353, Wyoming, Ohio 45215
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Robert D. Dapice, III, appeals from his conviction in the Clark County Court of Common Pleas after he pled guilty to one count of aggravated burglary. In support of his appeal, Dapice claims that the trial court erred at sentencing because it failed to comply with the purposes and principles of felony sentencing set forth in R.C. 2929.11. Dapice also claims that his trial counsel provided ineffective assistance during the plea and sentencing proceedings. For the reasons outlined below, Dapice's conviction will be affirmed.

### Facts and Course of Proceedings

{¶ 2} On October 1, 2019, a Clark County grand jury returned an indictment charging Dapice with one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree. Following his indictment, Dapice entered into a plea agreement with the State whereby he agreed to plead guilty to the indicted charge. The plea agreement also required Dapice to plead guilty to a fourth-degree-felony charge of failure to comply with the order or signal of a police officer in a separate case, Clark C.P. No. 2019-CR-644.

{¶ 3} At the plea hearing, the parties advised the trial court that in exchange for Dapice's guilty plea, they had agreed to jointly recommend a 3-to-6-year indefinite prison sentence for aggravated burglary and a 2-year definite prison sentence for failure to comply. It was further agreed that the 2-year sentence for failure to comply would run consecutively to the 3-to-6-year sentence for aggravated burglary.

{¶ 4} Following the parties' advisement, the trial court noted that under the new sentencing law, i.e. the Reagan Tokes Law, the maximum portion of the indefinite

sentence agreed to by the parties for aggravated burglary would be 4.5 years, not 6 years. The trial court explained that under the new law, the maximum portion of the indefinite sentence was supposed to be 50 percent greater than the selected minimum term. Given that the selected minimum term was 3 years, the trial court determined that the proper maximum term was 4.5 years.

{¶ 5} After the trial court's remarks, both parties agreed that under the current state of the law, the jointly recommended sentence for the aggravated burglary charge should be 3 to 4.5 years in prison as opposed to 3 to 6 years. In light of that correction, the trial court advised Dapice that the total agreed sentence for aggravated burglary and failure to comply would be 5 to 6.5 years in prison. Dapice confirmed his understanding of the corrected, agreed sentence and pled guilty to both charges. After accepting Dapice's guilty plea, the trial court imposed the parties' jointly recommended sentence.

{¶ 6} Dapice now appeals from his aggravated burglary conviction,[1] raising two assignments of error for review.

### First Assignment of Error

{¶ 7} Under his first assignment of error, Dapice claims that the trial court erred at sentencing because it failed to comply with the purposes and principles of felony sentencing set forth in R.C. 2929.11. However, in accordance with R.C. 2953.08(D)(1), we find that Dapice's sentence is not reviewable on appeal.

---

[1]Although Dapice's plea agreement and agreed sentence involved the failure to comply offense in Case No. 2019-CR-644, Dapice did not appeal from his conviction in that case. Dapice only appealed from his aggravated burglary conviction in Case No. 2019-CR-642. As a result, this court will only review Dapice's aggravated burglary conviction.

**{¶ 8}** R.C. 2953.08(D)(1) provides that: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "If the requirements of R.C. 2953.08(D)(1) are met, an appellate court may not review a felony sentence." *State v. Shawhan*, 2d Dist. Montgomery No. 27698, 2018-Ohio-2428, ¶ 11, citing *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195; *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16. Therefore, when all the requirements of R.C. 2953.08(D)(1) are satisfied, the statute bars "appeals that would otherwise challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors), and/or 2929.13(A) through (D) (the sanctions relevant to the felony degree)." *Underwood* at ¶ 22.

**{¶ 9}** In this case, the record establishes that the parties jointly recommended a 3- to 4.5-year indefinite prison sentence for aggravated burglary. The record further establishes that the trial court imposed the jointly recommended sentence and that the jointly recommended sentence is authorized by law.

**{¶ 10}** A sentence is authorized by law " 'only if it comports with all mandatory sentencing provisions.' " *State v. Contento*, 2d Dist. Miami No. 2017-CA-1, 2018-Ohio-111, ¶ 23, quoting *Underwood* at paragraph two of the syllabus. Effective March 22, 2019, the Reagan Tokes Law made substantive amendments to Ohio's felony sentencing statutes and enacted a new statutory provision, R.C. 2929.144, which calls for indefinite sentencing for "qualifying felonies," i.e., first and second-degree felonies committed on or

after the law's effective date. R.C. 2929.144(A). Under this new law, Dapice was subject to an indefinite sentence for his aggravated burglary offense. In imposing the indefinite sentence, the trial court was required to select a minimum term from the sentencing range for first-degree felonies in R.C. 2929.14(A)(1)(a). The trial court was then required to calculate the maximum term of the indefinite sentence by adding 50 percent of the selected minimum term to the selected minimum term. R.C. 2929.144(B)(1).

{¶ 11} As previously noted, after some discussion with the trial court, the parties jointly recommended an indefinite term of 3 to 4.5 years in prison for the aggravated burglary offense. The 3-year-minimum term was within the appropriate sentencing range for first-degree felonies. *See* R.C. 2929.14(A)(1)(a). Fifty percent of the 3-year-minimum term was 1.5 years. The maximum term was therefore 3 years plus 1.5 years, which equals 4.5 years. Based on these calculations, we find that the jointly recommended prison sentence of 3 to 4.5 years for Dapice's aggravated burglary offense is authorized by law.

{¶ 12} Because Dapice's sentence for aggravated burglary was authorized by law, jointly recommended by the parties, and accepted by the trial court, pursuant to R.C. 2953.08(D)(1), this court cannot review the sentence on appeal.

{¶ 13} Although unrelated to his sentence, Dapice also argues that he was inappropriately charged with aggravated burglary because he did not forcibly enter the premises that he was convicted of burglarizing. Even if this were true, Dapice waived this argument for appeal when he pled guilty to the aggravated burglary charge. *See State v. Merrick*, 2d Dist. Greene No. 2019-CA-29, 2020-Ohio-3744, ¶ 24, citing *State v.*

*Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus ("a guilty plea generally waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea").   Therefore, we are prevented from reviewing this claim on appeal.

{¶ 14} For the foregoing reasons, Dapice's first assignment of error is overruled.

**Second Assignment of Error**

{¶ 15} Under his second assignment of error, Dapice argues that his trial counsel provided ineffective assistance by advising him to plead guilty to aggravated burglary and by failing to advocate for a sentence that included drug rehabilitation.   Dapice also suggests that his trial counsel was ineffective for failing to realize that the initial 3-to-6-year sentence agreed to by the parties for aggravated burglary was longer than required by law.

{¶ 16} A guilty plea, however, "waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary."   *State v. Hurtado*, 2d Dist. Montgomery No. 26892, 2017-Ohio-1465, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992).   Dapice does not allege that his guilty plea to aggravated burglary was less than knowing and voluntary. Therefore, his ineffective assistance claims are waived for appeal.

{¶ 17} Even if Dapice's ineffective assistance claims were not waived, the record indicates that they lack merit.   In order to succeed on an ineffective assistance claim, a defendant must establish: (1) his trial counsel's performance was deficient; and (2) the

deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697. To establish deficient performance, a defendant must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Id.* at 688; *Bradley* at 142. To establish prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688 and *Bradley* at paragraph two of the syllabus.

{¶ 18} As previously noted, Dapice argues that his trial counsel provided ineffective assistance by advising him to plead guilty to aggravated burglary. To prevail on a claim of ineffective assistance of counsel after pleading guilty, a defendant must show that: (1) counsel's advice was not within the range of competence demanded of attorneys in criminal cases; and (2) but for counsel's errors, there was a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial. (Citations omitted.) *State v. Olsen*, 2d Dist. Montgomery No. 28011, 2019-Ohio-568, ¶ 10.

{¶ 19} In evaluating counsel's performance, a reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. "[A] debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." *State v.*

*Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964, ¶ 37 (2d Dist.), citing *Strickland* at 689. (Other citation omitted.)    Furthermore, " '[a]n attorney's advice to take a plea deal is not ineffective assistance of counsel.' "    *State v. Chatman*, 2d Dist. Montgomery No. 25766, 2014-Ohio-134, ¶ 7, quoting *State v. Shugart*, 7th Dist. Mahoning No. 08 MA 238, 2009-Ohio-6807, ¶ 37.

{¶ 20} Here, the advice of Dapice's trial counsel to accept the State's offer to plead guilty to aggravated burglary in exchange for receiving the minimum possible sentence of 3 to 4.5 years in prison did not constitute deficient performance because it shielded Dapice from the possibility of receiving a much longer prison term for that offense.   If Dapice had been found guilty of aggravated burglary at trial, pursuant to R.C. 2929.14(A)(1)(a) and R.C. 2929.144, Dapice could have received a sentence as long as 11 to 16.5 years in prison.   "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time."   *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992), citing *Strickland* at 680.    Therefore, regardless of how Dapice currently feels about his counsel's advice to forego trial and plead guilty, the decision was sound trial strategy that cannot form the basis of an ineffective assistance claim.

{¶ 21} Dapice also argues that his trial counsel was ineffective in failing to advocate for a sentence that included drug rehabilitation.   The record, however, belies this claim, as Dapice's trial counsel stated the following at sentencing:

> I promised [Dapice] that I would ask the Court to do him a favor, if at all
> possible, and that is if there is anything you can do to help him get into a
> drug program while in the institution.   I understand the Department of

Corrections is separate on its own, but [Dapice] does, in fact, need drug

treatment.   Every time he's ever got in trouble and, in fact, he was high as

a kite, he admitted, at the burglary; and so anything the Court can do to get

him in a treatment program is much appreciated.

Trans. (Dec. 3, 2019), p. 11.

{¶ 22} Dapice also suggests that his trial counsel was ineffective for failing to realize that the initial 3-to-6-year sentence agreed to by the parties for aggravated burglary was longer than required by law.   The trial court, however, caught the mistake prior to sentencing; therefore, no prejudice resulted from the mistake.

{¶ 23} Because Dapice waived his ineffective assistance claims for appeal, and because none of the claims satisfy the *Strickland* test, Dapice's second assignment of error is overruled.

## Conclusion

{¶ 24} Having overruled both assignments of error raised by Dapice, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

John M. Lintz
Glenda A. Smith
Hon. Douglas M. Rastatter