[Cite as *State v. Dorsey*, 2021-Ohio-227.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28443 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-4041 |
| | : | |
| DEJANAE LEECHE DORSEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of January, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

STEVEN H. ECKSTEIN, Atty. Reg. No. 0037253, 1208 Bramble Avenue, Washington Court House, Ohio 43160
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Dejanae Leeche Dorsey appeals from her conviction, following her guilty plea, of one count of felonious assault (deadly weapon). The court imposed a sentence of five years for the felonious assault, to run concurrently with an 18-month sentence imposed in Montgomery C.P. No. 2018-CR-2032; in that case, Dorsey was found guilty on her guilty plea of one count of improper handling of a firearm in a motor vehicle.

**{¶ 2}** Dorsey filed a motion to withdraw her guilty plea to felonious assault on June 14, 2019. After a hearing, the court overruled Dorsey's motion to withdraw her plea on March 17, 2020, and Dorsey filed a notice of appeal from that decision, which will be considered under a separate case number (Montgomery App. No. 28755).

**{¶ 3}** In this appeal from Dorsey's conviction for felonious assault, her appointed counsel has filed an *Anders* brief, asserting that there are no meritorious issues to present on appeal and requesting to withdraw from the case. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Upon our independent review, we have also found no non-frivolous issues for appellate review. Therefore, the judgment of the trial court is affirmed, and counsel's motion to withdraw is granted.

**{¶ 4}** Dorsey was indicted on December 18, 2018, on one count of felonious assault (deadly weapon), in violation of R.C. 2903.11(A)(2) (Count 1), and a second count of felonious assault (serious harm), in violation of R.C. 2903.11(A)(1) (Count 2), both felonies of the second degree. Dorsey initially pled not guilty to both offenses, but on May 21, 2019, she entered a plea of guilty to Count 1 in exchange for the dismissal of Count 2. The court held a sentencing hearing on Case Nos. 2018-CR-2032 and 2018-CR-4041 on June 11, 2019, and its sentence in this case was journalized on June 17, 2019.

{¶ 5} Dorsey filed a motion to withdraw her guilty plea on June 14, 2019, after the sentencing hearing but before the judgment entry of conviction was filed. Dorsey also filed a separate motion for a stay in the trial court, which the court overruled.

{¶ 6} On June 18, 2019, Dorsey filed a motion for a stay in this Court; the State filed a response on June 26, 2019. On July 9, 2019, this Court overruled Dorsey's motion for a stay and sua sponte remanded the matter to the trial court for consideration of Dorsey's motion to withdraw her guilty plea. This Court suspended the briefing schedule herein until further order.

{¶ 7} Dorsey filed a memorandum in support of her motion to withdraw her plea in the trial court on January 30, 2020. On March 17, 2020, the court overruled Dorsey's motion to withdraw her guilty plea. In April 2020, we returned the appeal to the active docket and consolidated the two appeals (Montgomery App. Nos. 28433 and 28755). We also appointed new counsel for Dorsey.

{¶ 8} In August 2020, this Court issued an order noting that, in Montgomery App. 28443, Dorsey appealed from her June 17, 2019 conviction for felonious assault in Montgomery C.P. No. 2018-CR-4041, and that in Montgomery App. No. 28755, Dorsey appealed from a March 17, 2020 decision overruling her motion to withdraw her guilty plea in that same case, Case No. 2018-CR-4041. This Court noted that it had consolidated Montgomery App. Nos. 28443 and 28755 sua sponte, and that Dorsey's attorney had filed the same *Anders* brief in both appeals. In a footnote, this Court noted that counsel also had filed the same *Anders* brief in Montgomery App. No. 28754, in which Dorsey appealed from a March 12, 2020 decision, order and entry overruling her motion to withdraw her guilty plea in Montgomery C.P. No. 2018-CR-2032. Our order stated:

The brief raises one assignment of error related to the trial court's denial of Dorsey's motions to withdraw her pleas in case nos. 18-CR-4041 and 2018-CR-2032[1] (Montgomery App. Nos. 28755 and 28754). The brief does not raise any potential argument regarding Dorsey's conviction and/or sentence in case no. 18-CR-4041 (Montgomery App. No. 28443). Thus, counsel's position as to the latter appeal is unclear. If counsel has concluded that there are no meritorious issues to be raised in relation to the appeal in Montgomery App. No. 28443, he must state this conclusion and file a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Alternatively, counsel must file a merit brief or take other action that informs the court of the appellant's intent regarding the appeal in Montgomery App. No. 28443.

Accordingly, IT IS ORDERED, sua sponte, that the consolidation of Montgomery App. Nos. 28443 and 28755 be VACATED. The appeals from the orders denying Dorsey's motion to withdraw her guilty pleas in case nos. 18-CR-2032 (Montgomery App. No. 28754) and 18-CR-4041 (Montgomery App. No. 28755) shall proceed. Appellate counsel shall have 14 days to advise the court whether he intends to undertake additional briefing or take other action in Montgomery App. No. 28443, for which a timeline will then

---

[1] The trial court's docket in Case No. 2018-CR-2032 reflects that the court mistakenly filed the decision on Dorsey's motion to withdraw her felonious assault plea in Case No. 2018-CR-2032, instead of Case No. 2018-CR-4041. On March 18, 2020, the court filed an Entry stating that its March 12, 2020 decision "was erroneously filed under this case number, but should have been filed in another case relating to Defendant herein," and it vacated the March 12, 2020 decision in Case No. 2018-CR-2032.

be established.

{¶ 9} Counsel then filed an Anders brief in this case and asked to withdraw. On September 17, 2020, this Court gave Dorsey 60 days to file a pro se brief assigning any errors for our review. None has been received.

{¶ 10} As this Court has noted:

An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

*State v. Allen,* 2d Dist. Clark No. 2018-CA-60, 2019-Ohio-1253, ¶ 5.

{¶ 11} In Dorsey's brief, counsel asserts that he "can find no meritorious issue for appellate review," but raises two potential assignments of error. We will consider these together:

TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY INSISTING DEFENDANT-APPELLANT PLEAD GUILTY WHEN

COUNSEL KNEW SHE WANTED TO GO TO TRIAL IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHT UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

DEFENDANT-APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY PLEAD GUILTY, IN VIOLATION OF HER DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTIONS.

{¶ 12} Counsel asserts that "[c]onstitutionally effective assistance of counsel requires counsel to go to trial when the Defendant-Appellant wants to" and, in this case, trial counsel forced Dorsey to plead guilty when he knew she wanted to go to trial. According to appellate counsel, the trial court did not assure that Dorsey "knew she could maintain her not guilty plea and go to trial."

{¶ 13} As this Court noted in *Allen*:

A defendant's guilty plea acts as a waiver of all error, including a claim of ineffective assistance of counsel, "except to the extent that [any error] precluded the defendant from knowingly, intelligently, and voluntarily entering his * * * guilty plea." *State v. Rozell*, 2018-Ohio-1722, 111 N.E. 3d 861, ¶ 40 (2d Dist.), quoting *State v. Leonard*, 2d Dist. Montgomery No. 27411, 2017-Ohio-8421, ¶ 13. Therefore, a defendant, in order to

establish ineffective assistance of counsel within the context of a guilty plea, must establish that counsel's advice regarding the guilty plea was outside the "range of competence demanded of attorneys in criminal cases[,]" and that there was a reasonable probability "that if he had been adequately advised he would not have pleaded guilty * * *."  *Id.* at ¶ 40, quoting *State v. Huddleston*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, 9.

*Allen,* 2d Dist. Clark No. 2018-CA-60, 2019-Ohio-1253, at ¶ 10.

{¶ 14} As this Court has further noted:

In evaluating counsel's performance, a reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland* [*v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984).]  "[A] debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel."  *State v. Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964, ¶ 37 (2d Dist.), citing *Strickland* at 689.  (Other citation omitted.)  Furthermore, " '[a]n attorney's advice to take a plea deal is not ineffective assistance of counsel.' "  *State v. Chatman*, 2d Dist. Montgomery No. 25766, 2014-Ohio-134, ¶ 7, quoting *State v. Shugart*, 7th Dist. Mahoning No. 08 MA 238, 2009-Ohio-6807, ¶ 37.

*State v. Dapice*, 2d Dist. Clark No. 2020-CA-2, 2020-Ohio-4324, ¶ 19.

{¶ 15} The following exchange occurred at Dorsey's plea hearing:

THE CLERK:  Next case, Your Honor, is on page 1, set for a final pre-trial conference, Dejanae Dorsey, 18 CR 4041.  Ms. Dorsey also has a

sentencing case on page 4 in 18 CR 2032.

&ast; &ast; &ast;

[COUNSEL FOR DORSEY]:   What we're going to do, Your Honor, is enter a plea on case number 18 CR 4041.

&ast; &ast; &ast;

[COUNSEL FOR DORSEY]:   And the deal is such that it involves a global resolution of, actually, both cases, including the one for sentencing.

THE COURT:   Correct.

[COUNSEL FOR DORSEY]:   So we'll be asking that the case set for sentencing today will be continued so that both cases can be dealt with on the same day.

&ast; &ast; &ast;

[THE PROSECUTOR]:   The offer from the State - - and what I understand Ms. Dorsey to do - - is plead guilty in case number 18 CR 4041 to Count I, which is felonious assault by means of a deadly weapon being a motor vehicle; Count II would be dismissed, the serious physical harm charge; and there's already been a plea in case number 18 CR 2032.   The State would offer a cap of five years as a global resolution to both case numbers.

THE COURT: &ast; &ast; &ast; Judge Huffman would be determining that, and that cap of five years would only be on assuming you showed up for everything, stayed out of trouble, didn't pick up any other charges, showed up for sentencing.   If, in fact, you don't do all those things, then the pleas

would stand.   And then Judge Huffman would decide what to sentence you to, without any cap.   Do you understand that?

THE DEFENDANT:   Yes, ma'am.

* * *

THE COURT:   So right now, I'm going to take your plea to felonious assault.   And at this point, assuming good behavior on your part and the things that I said, the two together would be a cap of five years.

* * *

THE COURT: * * * Ma'am, * * * do you understand what we just talked about?

THE DEFENDANT:   Yes, ma'am.

**{¶ 16}** The court ascertained that Dorsey was not under the influence of drugs or alcohol, completed eleventh grade, and was able to read the plea form.   The court advised Dorsey that by pleading guilty she relinquished her right to a jury trial, as well as her rights to confront witnesses, to subpoena witnesses on her behalf, to require the State to prove her guilt beyond a reasonable doubt, and to remain silent.   Dorsey acknowledged her understanding of those rights.   The court advised Dorsey that she could be sentenced to financial sanctions, and that "[b]y law, the possible prison term is between two and eight years.   It's my understanding that there will be a cap of five years.  Judge Huffman will decide what the sentence is.   That's for this and the case you already pled to, assuming you showing up for everything and good behavior on your part."  Dorsey again acknowledged her understanding.

**{¶ 17}** The court advised Dorsey regarding post release control and that she was

"eligible to be sentenced to community control sanctions," and Dorsey acknowledged her understanding. The court advised Dorsey that, if she were placed on community control sanctions and violated them, she could be required to serve a prison term of eight years, "and the cap is off," and that her driver's license could be suspended. Dorsey advised the court of her understanding.

{¶ 18} After the prosecutor stated the facts of the charge, the following exchange occurred:

THE COURT: Based on those facts, how do you plead to felonious assault, deadly weapon being a motor vehicle, a felony of the second degree?

THE DEFENDANT: Guilty. Guilty.

* * *

THE COURT: Any question about that?

THE DEFENDANT: (Defendant shakes head no).

THE COURT: * * * I'm handing you an entry of waiver and plea of indictment. I'd like you to read over this form, and if you understand what's on it, what we've been over, and if this is your voluntary plea, I want you to sign it. And questions, ask me them before you sign.

Case 2018 CR 4041: the Defendant appeared in open Court this 21st day of May 2019, having been advised orally by the Court as to the contents of the entry. The Defendant read it and signed it.

The Court finds Defendant understood the waiver of giving up her constitutional rights, what those rights are, the effect of her plea, her

eligibility for community control sanctions, and that the Court may proceed with judgment and sentence.

The Court finds Defendant is making this plea voluntarily based upon representations made and accepted. The Court finds the factual basis to support the charge and the plea. Therefore, the Court accepts Defendant's plea, finds Defendant guilty of the offense to which a plea was entered, and orders a plea form filed.

{¶ 19} Finally, the court again advised Dorsey to "remember that the five-year cap is conditioned on your good behavior, make sure that you * * * don't violate your EDHP in any way, shape, or form[.]"

{¶ 20} There is nothing in this record to suggest that Dorsey was "forced" by defense counsel, an experienced attorney, to enter her plea. In exchange for her plea, a second count of felonious assault was dismissed. Dorsey was facing a maximum sentence of eight years for felonious assault, as well as an additional maximum sentence of 18 months for improper handling of a firearm in Case No. 2018-CR-2032; defense counsel negotiated a "global resolution" of both matters with a five-year cap. Dorsey was advised of her constitutional rights, and specifically that by pleading guilty she gave up her right to a jury trial. If Dorsey wanted to proceed to trial, she could have said so. Counsel's advice to accept the plea deal was not ineffective assistance. The court repeatedly advised Dorsey of the nature of the plea agreement, and Dorsey repeatedly acknowledged her understanding of the proceedings, asked no questions, and executed her plea form. On this record, any suggestion that Dorsey received ineffective assistance, or that her plea was not knowing, intelligent, or voluntary, would be frivolous.

These potential assignments of error lack merit.

{¶ 21} Having conducted our independent review of the record, we find no non-frivolous issues for review. Counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Steven H. Eckstein
Dejanae Leeche Dorsey
Hon. Mary Katherine Huffman