[Cite as *State v. Hurtado*, 2017-Ohio-1465.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.  26892 |
| | : | |
| v. | : | T.C. NO. 14-CR-4010/1 |
| | : | |
| JOSE F. HURTADO, JR. | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___21st___ day of _____April_____, 2017.

. . . . . . . . . .

HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

TARA C. DANCING, Atty. Reg. No. 0077277, P. O. Box 288, Fairborn, Ohio 45324
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Jose F. Hurtado, Jr., appeals his conviction and sentence for one count of possession of marihuana (20,000 grams but less than 40,000 grams), in violation of R.C. §2925.11(A), a felony of the second degree.   Hurtado filed a timely notice of appeal with this Court on November 2, 2015.

{¶ 2} On February 23, 2015, Hurtado was indicted for one count of possession of marihuana (more than 40,000 grams), in violation of R.C. §2925.11(A), a felony of the second degree. At his arraignment on March 10, 2015, Hurtado stood mute, and the trial court entered a plea of not guilty on his behalf.

{¶ 3} On March 19, 2015, Hurtado filed a motion to suppress all of the evidence discovered by police during the warrantless search of his vehicle wherein approximately one hundred pounds was seized. A hearing was held before the trial court on said motion over the following dates: April 24, 2015, May 28, 2015, and June 16, 2015. At the close of the suppression hearing, the trial court took the matter under advisement and scheduled a trial date for October 5, 2015. On September 22, 2015, the trial court issued a written decision overruling Hurtado's motion to suppress.

{¶ 4} Before the case proceeded to trial on October 5, 2015, Hurtado informed the trial court that he wished to enter into a plea agreement. At the plea hearing on September 29, 2015, pursuant to that agreement, Hurtado plead guilty to one count of the lesser included offense of possession of marihuana (20,000 grams but less than 40,000 grams), a felony of the second degree, in violation of R.C. §2925.11(A). On October 27, 2015, the trial court sentenced Hurtado to five years in prison, the mandatory sentence under R.C. §2929.13(F)(5), plus three years of supervised Post-Release Control. Further, the trial court determined Hurtado was not an indigent person for the purpose of paying the statutory mandatory fine, and imposed a fine of $7,500.00.

{¶ 5} Hurtado's trial counsel filed a notice of appeal on November 2, 2015. Appellate counsel for Hurtado was appointed on November 11, 2015, and said counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493

(1967), stating that after thorough examination of the record and law, counsel found no meritorious issues upon which to base an appeal. By magistrate's order of March 4, 2016, we informed Hurtado that his appellate counsel had filed an *Anders* brief, and granted him 60 days from that date to file a pro se brief assigning any errors for review by this Court. Hurtado did not file a pro se brief.

{¶ 6} Upon our own independent review, we set aside counsel's *Anders* brief and appointed new appellate counsel to act as Hurtado's advocate on appeal. *State v. Hurtado*, 2d Dist. Montgomery No. 26892, Decision and Entry (July 15, 2016) (hereinafter referred to "*Hurtado I*"). We stated the following therein:

Hurtado's appellate counsel, in his *Anders* brief, set forth three potential assignments of error: (1) whether the trial court erred in overruling the motion to suppress; (2) whether the trial court erred by failing to comply with Crim. R. 11 in accepting Hurtado's Guilty Plea; and (3) whether the trial court erred by imposing a fine of $7,500 as part of Hurtado's sentence. We have conducted our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). *We conclude there is no arguably meritorious issue to present on appeal regarding the trial court's overruling of the motion to suppress. A guilty plea waives all appealable errors that may have occurred during the trial, unless such errors precluded Defendant from knowingly and voluntarily entering their plea of guilty. State v. Kelley* (1991), 57 Ohio St.3d 127*; State v. Montgomery,* 2d Dist. Montgomery No. 21508, 2007-Ohio-439*. Further, we conclude that the record reveals no arguably meritorious issues*

*regarding the trial court's compliance with Crim.R. 11 in accepting Hurtado's guilty plea. The court conduct*[ed] *a thorough Crim.R. 11 colloquy.* (emphasis added).

We conclude, however, that the record reveals *at least* two non-frivolous issues for appeal. Specifically, we note that the trial court failed to conduct a hearing to determine Hurtado's reasonable ability to pay the mandatory fine. *See State v. Ward*, 187 Ohio App.3d 384, 2010-Ohio-1794, 932 N.E.2d 374 (2d Dist.). Secondly, we acknowledge that Hurtado's trial counsel failed to request such a hearing. However, we note that the record establishes Hurtado lived below the poverty level, earning $500.00 or less per month with a child support obligation of $280.00 per month. Therefore, an arguable assignment of error can be made of ineffective assistance of counsel.

*Id.* at ¶¶ 3, 4. In addition to the non-frivolous issues we identified in our decision and entry, we encouraged newly appointed appellate counsel to review the *entire* record and raise *any* issues that counsel believed to have arguable merit. *Id.* at ¶ 5.

{¶ 7} We appointed new appellate counsel to represent Hurtado who filed a merit brief on October 11, 2016. The State filed its responsive brief on December 29, 2016. The instant appeal is now properly before this Court.

{¶ 8} Hurtado's first assignment of error is as follows:

{¶ 9} "TRIAL COUNSEL WAS INEFFECTIVE BY PERMITTING HIS CLIENT TO PLEAD GUILTY AND WAIVE APPEALING SUPPRESSION ISSUES OF AN ILLEGAL

SEARCH OF A CAR DURING A TRAFFIC STOP AND AN INSUFFICIENT SEARCH WARRANT."

{¶ 10} A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.   The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 11} A guilty plea waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary. *State v. Spates,* 64 Ohio St.3d 269, 595 N.E.2d 351 (1992); *see State v. Huddleson,* 2d Dist. Montgomery No. 20653, 2005–Ohio–4029, ¶ 9.   The reviewing court must therefore determine whether the trial court substantially complied with Crim.R. 11 in accepting the plea.  *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).   If the rule was complied with, the plea was knowing, voluntary, and intelligent. *Id.*

{¶ 12} As we previously stated in *Hurtado I*, we found that no arguably meritorious issues existed regarding the trial court's compliance with Crim.R. 11 in accepting Hurtado's guilty plea.   The record clearly establishes that prior to entering his plea, Hurtado was advised of the charge, the possible sentence, and the constitutional and

non-constitutional rights he was waiving by pleading guilty. The trial court also specifically informed Hurtado that by pleading guilty, he was waiving his right to appeal any of the court's rulings with respect to his pre-trial motions, including his motion to suppress. At no point did Hurtado express any confusion regarding any of the information provided by the trial court in its Crim.R. 11 colloquy. Rather, Hurtado affirmatively stated that he understood the rights he was waiving, including his right to appeal the trial court's pre-trial rulings. Furthermore, as noted by the State, the agreement negotiated by the parties benefitted Hurtado by allowing him to plead guilty to the lesser included offense of possession of marihuana (20,000 grams but less than 40,000 grams), a felony of the second degree, in violation of R.C. §2925.11(A). Accordingly, Hurtado no longer faced a mandatory maximum sentence of eight years. Thus, we conclude that Hurtado's assignment alleging that he received ineffective assistance is without merit.

{¶ 13} Hurtado's first assignment of error is overruled.

{¶ 14} Hurtado's second and final assignment of error is as follows:

{¶ 15} "THE TRIAL COURT ERRED IN IMPOSING A MAXIMUM FINE ON AN INDIGENT DEFENDANT."

{¶ 16} In his final assignment, Hurtado contends that the trial court erred when it found that he was not indigent and ordered him to pay a mandatory fine in the amount of $7,500.00. We note that Hurtado filed two separate "Financial Disclosure/Affidavit of Indigency" forms. The first affidavit was filed by Hurtado on March 11, 2015, and stated he had no income or expenses. On October 2, 2015, Hurtado filed a second affidavit shortly before he was sentenced. In the second affidavit, Hurtado reported that he

earned $500.00 per month from employment as a chef. Hurtado further reported that his expenses included $400.00 per month in child support and an additional $50.00 per month for transportation to and from work. Therefore, based upon the second affidavit, Hurtado's adjusted total income was reported to be $50.00 per month prior to his incarceration. Hurtado also argues that his prior felony conviction and incarceration coupled with his conviction and sentence in the instant case "would weigh against finding steady lawful employment." Thus, Hurtado argues that he "will not be able to pay the $7,500[.00] fine in any reasonable time following his release from prison." Hurtado did not object to the imposition of the mandatory fine at the time of sentencing, nor did he file a motion to waive the fine with the trial court.

{¶ 17} R.C. 2929.18(B)(1) provides:

For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine * * *. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶ 18} "For purposes of the statute, being 'indigent' and being 'unable to pay' are not the same. Indigency concerns a defendant's current financial situation, whereas an inability to pay encompasses his future financial situation as well." *State v. Plemons*, 2d Dist. Montgomery Nos. 26434, 26435, 26436 & 26437, 2015-Ohio-2879, ¶ 7. The

defendant bears the burden of proving that he or she is indigent and unable to pay the mandatory fine. *Id.* at ¶ 8.

**{¶ 19}** "[A] hearing is not required on a defendant's ability to pay a mandatory fine, and a trial court need not make specific findings on the issue. A trial court need only consider the issue, which it frequently can do by reviewing a pre-sentence investigation report that contains enough pertinent information." (Citation omitted). *Id.* We review the trial court's decision for an abuse of discretion. *Id.*

**{¶ 20}** In *Plemons*, we emphasized that the fine was mandatory unless the defendant alleged in a presentence affidavit that he was indigent *and* was unable to pay the mandatory fine. *Id.* at ¶ 9. As with Hurtado in the instant case, Plemons had completed a financial disclosure/affidavit of indigency form utilized for determining whether the defendant was entitled to appointment of counsel. The form did not mention Plemons's ability to pay the mandatory fine. We found the affidavit in *Plemons* to be insufficient, stating the following:

> Merely alleging indigency and an inability to afford private counsel does not establish an inability to pay a fine. Indeed, "[a] finding of indigence for purposes of appointed counsel does not shield the defendant from paying a fine." " 'This is because the ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings.' " Plemons' failure to file a pre-sentence affidavit alleging that he is indigent and is unable to pay the mandatory fine is, alone, a sufficient reason to affirm the trial court's decision. Absent such an affidavit, R.C. 2929.18(B)(1) made the fine mandatory.

(Citations omitted.)   *Plemons* at ¶ 9.

{¶ 21} Hurtado's second presentence affidavit filed shortly before he was sentenced addressed his current indigence, but failed to indicate that he was unable to pay the mandatory fine.   Based on this deficiency alone, we could affirm the trial court's imposition of a fine. *Id.*; *see also State v. Donley*, 2d Dist. Montgomery No. 26654, 26655, 26656, 2017-Ohio-562.

{¶ 22} Additionally, at Hurtado's sentencing hearing, the trial court made the following findings:

Trial Court: *** I note that you [Hurtado], in your pre-sentence investigation [PSI], indicate not only that you are employed, *that you are employable, that you have no physical or mental health issues that would prevent you from being employed and paying the mandatory fine in the future*.

I am going to find, for purposes of the mandatory fine that you can pay the mandatory fine in the future, that you are employable.   I'm going to order the mandatory fine of $7,500.00.   In addition, sir, after considering the purposes and principles of sentencing and the seriousness and recidivism factors, I'm going to sentence you to five years at the Correction Reception Center.

***

Defense Counsel: Yeah, Your Honor, two points.   I did file the affidavit [of indigency] as suggested the last time we were here.   It was filed with the clerk's office so it should be of record.

Trial Court: It is.

Defense Counsel: Okay.

Trial Court: *But the Court has the right to make the independent assessment of whether he's indigent for purposes of the fine.*

**{¶ 23}** Upon review, we see no abuse of discretion in the trial court's imposition of the fine.   At the time of his PSI, Hurtado was thirty-eight years old, and we find that the trial court acted within its discretion in reasoning, based in part on Hurtado's undisputed good physical and mental health, that he could obtain employment and make payments toward his fine upon his release from prison at age forty-three.   At the time that he committed the instant offense, Hurtado had been employed as a chef at Blue Plate Catering in Chicago, Illinois since 2007, working approximately forty to fifty hours a week.   Furthermore, Hurtado reported that he has been employed in the catering/restaurant business since 1995.   Hurtado also reported that he resided alone in Chicago.   "Obviously, neither this court nor the trial court can predict the future." *Plemons* at ¶ 10.   On the record before us, however, we cannot say the trial court abused its discretion in declining to find that Hurtado, an able-bodied, relatively young man who was previously employed when he was arrested and charged in the instant case, would be unable to pay his mandatory fine in the future.

**{¶ 24}** Hurtado's second assignment of error is overruled.

**{¶ 25}** Both of his assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and FROELICH, J., concur.

Copies mailed to:

Heather N. Jans
Tara C. Dancing
Hon. Mary Katherine Huffman