**[Cite as *State v. Olds*, 2020-Ohio-1528.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2019-CA-9 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2019-CR-230 |
| v. | : | |
| | : | (Criminal Appeal from |
| MELISSA L. OLDS | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of April, 2020.

. . . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, Safety Building, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

MARK J. BAMBERGER, P.O. Box 189, Spring Valley, Ohio 45370
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Melissa L. Olds appeals from her conviction for drug-related offenses. We find no error, so we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

{¶ 2} In May 2019, Olds was indicted on one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2)/(C)(1)(d), a first-degree felony; one count of trafficking in heroin, in violation of R.C. 2925.03(A)(2)/(C)(6)(b), a fourth-degree felony; one count of possession of L.S.D., in violation of R.C. 2925.11(A)/(C)(5)(a), a fifth-degree felony; one count of possession of cocaine, in violation of R.C. 2925.11(A)/(C)(4)(a), a fifth-degree felony; and a forfeiture specification for money found in her possession. Olds was represented by a public defender for purposes of her arraignment only. She told the public defender, who told the trial court, that she had retained private counsel. Olds pleaded not guilty to the charges, and the court scheduled a pretrial conference.

{¶ 3} At the pretrial, Olds appeared without counsel. She told the court that she had hired an attorney and that she did not know why he was not there. When the court asked if Olds had given him the pretrial date, Olds said that she had not been able to contact him. The court noted that counsel had not filed a notice of appearance in the case. The court continued the pretrial so that Olds could talk to counsel. Olds then told the court that she wanted "to get this over with today" and asked if she could represent herself. (Pretrial Tr. 3). The court advised against it, noting that she was facing four charges, including a first-degree felony that carried mandatory prison time. The state indicated that it would talk to her attorney and try to work out a plea agreement.

{¶ 4} Instead of the rescheduled pretrial hearing, a change-of-plea hearing was held at which Olds appeared with both the public defender and her private counsel. Under

a plea agreement, Olds pleaded guilty to the charges of aggravated trafficking in drugs, trafficking in heroin, and the forfeiture specification. In exchange, the state dismissed the other two charges in this case and, in other cases, either dismissed the pending charges or agreed not to file charges. The trial court accepted the plea and immediately proceeded to sentencing. Olds waived a presentence investigation. The state recounted for the trial court some of Olds's criminal history, which included four prior prison terms, most of which were for felony drug offenses. The court sentenced Olds to a mandatory eight-year prison term for aggravated trafficking and a 12-month concurrent term for trafficking in heroin, plus the forfeiture of $388 in currency.

{¶ 5} Olds appeals.

## II. ANALYSIS

{¶ 6} Olds presents three assignments of error for our review.

### A. Claims of ineffective assistance of counsel

{¶ 7} The first assignment of error alleges:

THE TRIAL COURT DEFENSE WAS INEFFECTIVE IN NOT VIGOROUSLY REPRESENTING THE DEFENDANT-APPELLANT'S BEST INTERESTS IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS.

Olds asserts a claim of ineffective assistance of counsel based on her trial counsel's failure to communicate with her and failure to attend hearings.

{¶ 8} To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that this resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. "A guilty plea waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary." *State v. Hurtado*, 2d Dist. Montgomery No. 26892, 2017-Ohio-1465, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992).

**{¶ 9}** Here, Olds claims that there was significant lack of communication from counsel and that he failed to attend hearings on her behalf, but she does not claim that his conduct rendered her guilty plea not knowing and voluntary. Indeed, during the plea colloquy, Olds told the court that she had had enough time to review the plea form with her attorney and to speak to him about entering the plea. Furthermore, Olds said that counsel was able to answer all of her questions and that she was satisfied "very much" with his advice. (Change of Plea Tr. 7).

**{¶ 10}** In addition, it does not appear that counsel's conduct was deficient. Based on the record, the only hearings her private counsel did not attend were the arraignment and the pretrial conference. But from what Olds told the trial court at the pretrial, it seems that she had never actually told that counsel about the arraignment or the pretrial. At any rate, as we said, the absence of counsel did not affect her decision to plead guilty.

**{¶ 11}** Second, as to Olds's claim that counsel failed to communicate, we have said that "a claim of lack of communication between a defendant and his trial counsel is not one that can be borne out by the record. It relies upon information necessarily outside the record, and is therefore not an issue we can review on direct appeal." *State v. Watters*, 2016-Ohio-8083, 76 N.E.3d 723, ¶ 27 (2d Dist.).

**{¶ 12}** The first assignment of error is overruled.

## B. Recusal

**{¶ 13}** The second assignment of error alleges:

THE TRIAL COURT FAILED TO OFFER RECUSAL FOR A CLEAR CONFLICT OF INTEREST.

Olds argues in this assignment of error that the trial judge should have offered to recuse herself from the case because of the appearance of bias or prejudice. Olds says that the trial judge admitted that she was the prosecutor in several of Olds's previous criminal cases, giving the judge intimate prior knowledge of Olds's history. Olds seems to suggest that the eight-year prison sentence imposed by the judge, when the minimum of three years was discussed, showed actual bias.

**{¶ 14}** First, we note that Olds never asked the judge to recuse herself or ever even suggested the possibility. Nor did Olds file an affidavit of disqualification with the Ohio Supreme Court. *See* R.C. 2701.03(A). Moreover, we do not have authority to pass upon the disqualification of a judge of the Court of Common Pleas because that power is vested solely in the Chief Justice of the Ohio Supreme Court under Section 5(C) of Article IV of the Ohio Constitution and by R.C. 2701.03. *Beer v. Griffith,* 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775, 776 (1978).

**{¶ 15}** Second, the record does not establish that the trial judge was the prosecutor in several of Olds's prior criminal cases. In fact, we see little indication in the record that the judge knew Olds. One of the first things that the trial court noted after proceeding to sentencing was that it did not have the benefit of a presentence investigation (because Olds had waived it). This comment suggested that the judge did not know Olds's history. Later, the judge said, "the court knows some of your background, and you've given some

of it, a lot of it, actually, at our arraignment." (Sentencing Tr. 15). It is unclear how the court knew Olds's background, but this statement suggested that the knowledge came from what Olds had told the court at the various proceedings in this case. Later, the state orally recounted Olds's criminal history for the court. Before imposing sentence, the trial court explained the reason for the long prison term and began by saying, "How do we make sure that you're not going to do it again with the history we just heard[?]" (*Id.* at 18). This suggested that the court's sentencing decision was based on Olds's history as recounted by the state, not her history, if any, already known by the judge.

{¶ 16} Finally, there is no evidence in the record that so much as hints that the trial judge may have had a bias or prejudice against Olds.

{¶ 17} The second assignment of error is overruled.

### C. Manifest weight

{¶ 18} The third assignment of error alleges:

THE TRIAL COURT FAILED TO CONSIDER THE MANIFEST EVIDENCE OF AN INEFFECTIVE COUNSEL OR CONFLICT OF INTEREST.

{¶ 19} It is unclear how the trial court could have improperly failed to consider the evidence on these two matters when Olds did not raise either matter with the court. Suffice it to say that considering what little evidence there was to support Olds's positions on these matters would be a fruitless exercise.

{¶ 20} The third assignment of error is overruled.

### III. CONCLUSION

{¶ 21} We have overruled each of the assignments of error presented. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.


Copies sent to:

Janna L. Parker
Mark J. Bamberger
Hon. Stacy M. Wall