[Cite as *State v. Whaley*, 2021-Ohio-1434.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-15 |
| | : | |
| v. | : | Trial Court Case Nos. 2019-CR-158, |
| | : | 2019-CR-387, 2019-CR-543 |
| PHILLIP A. WHALEY | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of April, 2021.

. . . . . . . . . . .

IAN RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. No. 0074057, P.O. Box 574, Dayton, Ohio 45409
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Phillip A. Whaley, appeals from his conviction in the Clark County Court of Common Pleas after pleading guilty to one count of counterfeiting and two counts of aggravated possession of drugs. On October 6, 2020, Whaley's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any issues with arguable merit for appeal. On October 16, 2020, this court notified Whaley that his counsel had found no meritorious claims for appeal and granted him 60 days to file a pro se brief assigning any errors. On December 18, 2020, Whaley filed a pro se brief alleging that his trial counsel provided him with ineffective assistance by failing to accurately advise him of the terms of the State's plea offer and by refusing to file a motion to withdraw his guilty plea on his behalf. The State thereafter filed a brief responding Whaley's ineffective assistance claim.

{¶ 2} For the reasons outlined below, we find that Whaley's ineffective assistance claims lack arguable merit. Furthermore, after conducting an independent review of the record as required by *Anders*, we find that there are no issues with arguable merit for Whaley to advance on appeal. Therefore, the judgments of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 3} Between March and August 2019, Whaley was indicted for several offenses in three separate cases in the Clark County Court of Common Pleas: Case Nos. 2019-CR-158, 2019-CR-543, and 2019-CR-387. This appeal concerns each of these three cases.

{¶ 4} In Case No. 2019-CR-158, Whaley was charged with one fifth-degree-felony count of aggravated possession of drugs, one fifth-degree-felony count of possession of cocaine, and one third-degree-felony count of tampering with evidence. The charges arose after Whaley left a bag containing several smaller plastic baggies of methamphetamine and cocaine inside a police cruiser. The record indicates that Whaley had been sitting inside the police cruiser to keep warm while law enforcement officers processed the scene of a traffic accident involving Whaley. After Whaley exited the police cruiser, an officer discovered the bag of drugs on the floor of the cruiser in the area where Whaley had been sitting.

{¶ 5} In Case No. 2019-CR-543, Whaley was charged with two fifth-degree-felony counts of aggravated possession of drugs. The charges arose from a traffic stop of a stolen vehicle driven by Whaley. During the stop, law enforcement officers searched the vehicle and discovered fentanyl and amphetamine behind one of the vehicle's seats and behind the console.

{¶ 6} In Case No. 2019-CR-387, Whaley was charged with one fourth-degree-felony count of counterfeiting. The charge arose after Whaley used two counterfeit $100 bills to pay for merchandise and to make change at a Speedway gas station in Springfield, Ohio.

{¶ 7} On November 14, 2019, Whaley pled guilty to aggravated possession of drugs (methamphetamine) in Case No. 2019-CR-158 and to counterfeiting in Case No. 2019-CR-387. In exchange for Whaley's guilty plea to aggravated possession of drugs, the State agreed to dismiss the charges for possession of cocaine and tampering with evidence in Case No. 2019-CR-158. The State also agreed to a presentence

investigation ("PSI") and to remain silent at sentencing. In exchange for Whaley's guilty plea to counterfeiting in Case No. 2019-CR-387, the State likewise agreed to a PSI and to remain silent at sentencing. As part of the plea agreement, Whaley also agreed to pay restitution to Speedway.

{¶ 8} On February 25, 2019, Whaley pled guilty to aggravated possession of drugs (fentanyl) in Case No. 2019-CR-543. In exchange for his guilty plea, the State agreed to dismiss the second charge for aggravated possession of drugs in that case. The State also agreed to a PSI and to dismiss a related charge for receiving stolen property in Clark C.P. No. 2019-CR-395.

{¶ 9} On February 27, 2019, the trial court sentenced Whaley to 18 months in prison for counterfeiting in Case No. 2019-CR-387. The trial court also sentenced Whaley to nine months in prison for each of the aggravated possession of drug offenses in Case Nos. 2019-CR-158 and 2019-CR-543. The trial court ordered the two nine-month prison terms to be served concurrently to one another and consecutively to the 18-month prison term.

{¶ 10} The trial court also sentenced Whaley to serve 12 months in prison for committing a felony while he was on post-release control for a prior felony offense. The trial court ordered the 12-month sentence to be served prior and consecutive to all the other sentences, for a total, aggregate term of 39 months in prison. The trial court further ordered Whaley to pay court costs and $200 in restitution to Speedway.

{¶ 11} Whaley now appeals from his convictions. As previously noted, Whaley's appellate counsel filed an *Anders* brief asserting the absence of any issues with arguable merit for appeal. Counsel did not raise any potential assignments of error in his *Anders*

brief. Whaley, however, filed a pro se brief raising a single assignment of error. Therefore, we will first review Whaley's pro se assignment of error and then conduct an independent review of the record as required by *Anders*.

## Standard of Review

{¶ 12} In *Anders* cases, we are charged with conducting an independent review of the record "to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are 'wholly frivolous.' " *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7, quoting *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. An issue is wholly frivolous if it lacks arguable merit, meaning that "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.* at ¶ 8, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. If we find that any issue—whether presented by appellate counsel, presented by the appellant, or found through an independent analysis—is not wholly frivolous, we must appoint different appellate counsel to represent the appellant. *Id.* at ¶ 7, citing *Pullen*.

## Pro Se Assignment of Error

{¶ 13} Under his sole assignment of error, Whaley contends that his trial counsel provided ineffective assistance with regard to his guilty plea to counterfeiting. To support this claim, Whaley argues that his trial counsel led him to believe that he was only pleading guilty to the two charges for aggravated possession of drugs in Case Nos. 2019-CR-158 and 2019-CR-543, and that counsel failed to advise him that he was also pleading

guilty to counterfeiting in Case No. 2019-CR-387. Whaley also claims that his trial counsel provided ineffective assistance by refusing to file a motion to withdraw the guilty plea based on: (1) Whaley's alleged misunderstanding of the plea agreement; and (2) Whaley allegedly being under the influence during the plea proceedings.

{¶ 14} In order to succeed on an ineffective assistance claim, a defendant must establish: (1) his trial counsel's performance was deficient; and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. To establish deficient performance, a defendant must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Strickland* at 688; *Bradley* at 142. To establish prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688 and *Bradley* at paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 15} A guilty plea "waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary." *State v. Hurtado*, 2d Dist. Montgomery No. 26892, 2017-Ohio-1465, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992). Therefore, to prevail on a claim of ineffective assistance of counsel after pleading guilty, a defendant must show that: (1) counsel's advice was not within the range of competence demanded of

attorneys in criminal cases; and (2) but for counsel's errors, there was a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial. (Citations omitted.) *State v. Olsen*, 2d Dist. Montgomery No. 28011, 2019-Ohio-568, ¶ 10.

{¶ 16} In this case, Whaley's ineffective assistance claim is based on Whaley's alleged communications, or lack thereof, with his trial counsel. A claim that concerns a defendant's communications with his trial counsel "presents a matter outside the record." *State v. Harris*, 2d Dist. Montgomery No. 27179, 2017-Ohio-9052, ¶ 19. It is well established that "[a] claim of ineffective assistance of counsel cannot be asserted on direct appeal if it relies on matters outside the record." *Id.*, citing *State v. Thomas*, 2d Dist. Montgomery No. 26907, 2017-Ohio–5501, ¶ 28. We have also explained that "a claim of *lack of communication* between a defendant and his trial counsel is not one that can be borne out by the record." (Emphasis added.) *State v. Watters*, 2016-Ohio-8083, 76 N.E.3d 723, ¶ 27 (2d Dist.). *Accord State v. Olds*, 2d Dist. Miami No. 2019-CA-9, 2020-Ohio-1528, ¶ 11; *State v. Lawson*, 2020-Ohio-6852, __ N.E.3d __, ¶ 106 (2d Dist.). Therefore, an ineffective assistance claim asserting lack of communication also "relies upon information necessarily outside the record, and is therefore not an issue we can review on direct appeal." *Id.*

{¶ 17} Here, we cannot determine from the record what communications may have transpired between Whaley and his trial counsel regarding the plea agreement and Whaley's alleged request to file a motion to withdraw his guilty plea. Because Whaley's ineffective assistance claim is based on matters outside the record, the claim is not reviewable on direct appeal and thus lacks arguable merit.

## Conclusion

**{¶ 18}** In addition to reviewing Whaley's pro se assignment of error, we have performed our duty under *Anders* to conduct an independent review of the record. After doing so, we have found no issues with arguable merit for Whaley to advance on appeal. Therefore, we affirm the judgments of the trial court and grant appellate counsel's request to withdraw from representation.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Ian Richardson
Lucas W. Wilder
Phillip A. Whaley
Hon. Richard J. O'Neill