[Cite as *State v. Lowe*, 2024-Ohio-1189.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29826 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 03220 |
| | : | |
| ANTWYANE DEON LOWE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 29, 2024

. . . . . . . . . . .

KRISTIN L. ARNOLD, Attorney for Appellant

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Appellant, Antwyane Deon Lowe, appeals from his convictions in the Montgomery County Court of Common Pleas after pleading guilty to assault on a peace officer, felonious assault on a peace officer, carrying concealed weapons, having weapons while under disability, and possession of cocaine. In support of his appeal,

Lowe contends that his trial counsel provided ineffective assistance by failing to advise him to plead no contest, as opposed to guilty, so that he could preserve his right to appeal the trial court's decision overruling his motion to suppress. Lowe also contends that his trial counsel provided ineffective assistance by failing to raise an argument in his motion to suppress claiming that an investigating officer used an unduly suggestive procedure to identify him. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On September 30, 2021, a Montgomery County grand jury returned a six-count indictment charging Lowe with single counts of assault on a peace officer, felonious assault on a peace officer (deadly weapon), felonious assault on a peace officer (serious physical harm), carrying concealed weapons, having weapons while under disability, and possession of cocaine (less than five grams). The two counts of felonious assault each included a three-year firearm specification and a seven-year firearm specification. The indicted charges and specifications stemmed from allegations that on September 21, 2021, Lowe punched a Dayton police officer in the face and shot the officer on the side of the head with a firearm after the officer had approached Lowe to notify him that he was being trespassed from a Dollar General store where Lowe had tendered a counterfeit $100 bill.

{¶ 3} Following his indictment, Lowe entered a plea of not guilty by reason of insanity and requested a competency evaluation. After Lowe underwent multiple

competency and sanity evaluations, the trial court found Lowe competent to stand trial. Lowe then filed a motion to suppress all the evidence obtained from the warrantless search and seizure of his person.

{¶ 4} On January 27, 2023, the trial court held a hearing on Lowe's motion to suppress. During the hearing, the State presented testimony from several Dayton police officers, including the officer who was punched and shot by Lowe—Officer Thadeu Holloway. The testimony established that on September 21, 2021, Ofc. Holloway was dispatched to a Dollar General store on Gettysburg Avenue in Dayton on the report of a customer tendering a counterfeit $100 bill. During his investigation, Holloway spoke with the Dollar General employees and viewed a surveillance video showing the customer in question walking into the store and tendering the counterfeit bill. After viewing the surveillance video, Holloway believed that the customer may have been homeless. Holloway reached this conclusion because there was a homeless shelter near the Dollar General and also because the surveillance video showed the customer carrying an oversized backpack, which Holloway knew was a common practice among homeless people in the area.

{¶ 5} Ofc. Holloway used his cell phone camera to take some still-shot images of the customer on the surveillance video and then went to the homeless shelter and showed the images to the employees there. The employees at the homeless shelter were able to identify Lowe in the cell phone images and provided Holloway with Lowe's full name, birthday, and social security number. Thereafter, Holloway entered Lowe's information into a law enforcement database and pulled up a picture of Lowe. Holloway then showed

the picture of Lowe to the Dollar General employees, who confirmed that Lowe was the same person who had tendered the counterfeit $100 bill.

{¶ 6} The manager of the Dollar General advised Ofc. Holloway that he did not want to press criminal charges against Lowe but simply wanted to have Lowe trespassed from the store. In order to trespass Lowe, Holloway testified that he was required to make face to face contact with Lowe and to verbally advise Lowe that he was being trespassed. To accomplish this, Holloway researched and found an address associated with Lowe on 617 Ingram Street in Dayton. Holloway then proceeded to that address and attempted to find Lowe so that he could notify him of the trespass order.

{¶ 7} After arriving at 617 Ingram Street, Ofc. Holloway observed Lowe walking on the sidewalk wearing the same clothing and carrying the same oversized backpack that he had observed in the surveillance video. Holloway then exited his cruiser and advised Lowe that he needed to speak with him. In response, Lowe said "no" and walked away. When Holloway got closer to Lowe, Lowe stopped, turned around, dropped his backpack, and asked Holloway why he wanted to speak with him. While Holloway was attempting to answer Lowe's question, Lowe punched Holloway on the right side of his face and tried to flee.

{¶ 8} Before Lowe could get away, Ofc. Holloway deployed his taser, which struck Lowe and caused Lowe to fall to the ground on his stomach. In an attempt to arrest Lowe for assaulting a police officer, Holloway gave Lowe numerous commands to put his hands behind his back. Instead of complying with these commands, Lowe rolled over onto his back, put his hands in his pockets, and pulled out a firearm wrapped in a red

bandana. Holloway did not realize that Lowe had a firearm until Lowe fired a shot at him. Holloway testified that the bullet fired by Lowe struck his right temple, traveled underneath his skin, and came out the back of his head.

{¶ 9} Despite the gunshot knocking him to the ground and causing him to bleed profusely, Ofc. Holloway was able to return fire and struck Lowe five times near his neck and shoulders. Holloway then radioed dispatch and advised that he had been shot and that he had shot the suspect in return. This prompted a rapid response from several Dayton police officers. One of the responding officers took Holloway to the hospital in his police cruiser while the other officers provided medical aid to Lowe. When the officers rolled Lowe over onto his back, they discovered Lowe's firearm underneath him. The officers also discovered Lowe's identification card, a red bandana, and a baggie of cocaine lying next to Lowe in the grass. Medics then arrived and took Lowe to the hospital, where he received treatment for his gunshot wounds.

{¶ 10} After considering the information presented at the suppression hearing, on March 2, 2023, the trial court overruled Lowe's motion to suppress. It held that Ofc. Holloway's initial encounter with Lowe had been a consensual encounter that did not implicate Lowe's Fourth Amendment rights. The trial court further held that Holloway's encounter with Lowe also qualified as an investigatory detention for which Holloway had, at the very least, reasonable suspicion of criminal activity regarding the counterfeit $100 bill. The trial court explained that once Lowe punched Holloway, the officer had probable cause to arrest Lowe and to conduct a search incident to arrest. Therefore, the trial court concluded that any items that were recovered from Lowe following the series of events

that began with his punching Ofc. Holloway were properly recovered during the search incident to Lowe's arrest.

{¶ 11} After the trial court overruled Lowe's motion to suppress, Lowe, who was represented by counsel, decided to plead guilty to all the indicted charges and firearm specifications. The trial court accepted Lowe's guilty plea, and the matter proceeded to sentencing on June 6, 2023. During sentencing, the trial court merged the two counts of felonious assault on a peace officer, and the State elected to have Lowe sentenced on the count alleging serious physical harm. The trial court then sentenced Lowe to consecutive prison sentences for all the counts and firearm specifications for an aggregate sentence of a minimum 31 years to a maximum 36.5 years in prison.

{¶ 12} Lowe now appeals from his convictions, raising two assignments of error for review. Because both assignments of error allege that Lowe's trial counsel provided ineffective assistance, we will review the assignments of error together.

**First and Second Assignments of Error**

{¶ 13} Under his first assignment of error, Lowe contends that his trial counsel provided ineffective assistance by failing to advise him to enter a no-contest plea, as opposed to a guilty plea, so that he could preserve his right to appeal the trial court's decision overruling his motion to suppress. Under his second assignment of error, Lowe contends that his trial counsel provided ineffective assistance by failing to raise an argument in his motion to suppress claiming that Ofc. Holloway used an unduly suggestive procedure to identify him. Specifically, Lowe takes issue with Ofc. Holloway's

presenting the Dollar General employees with a single photograph of him as opposed to a photo array.

{¶ 14} This court reviews alleged instances of ineffective assistance of trial counsel under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which was adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). As stated in those cases, an ineffective assistance claim requires the defendant to show that his trial counsel rendered deficient performance which resulted in prejudice. *Strickland* at paragraph two of the syllabus; *Bradley* at paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 15} To establish deficient performance, Lowe must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Id.* at 688. In evaluating counsel's performance, a reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "The adequacy of counsel's performance must be viewed in light of all of the circumstances surrounding the trial court proceedings." *State v. Jackson*, 2d Dist. Champaign No. 2004-CA-24, 2005-Ohio-6143, ¶ 29, citing *Strickland*.

{¶ 16} To establish prejudice, Lowe must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." (Citations omitted.) *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204. "A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Bradley* at 142, quoting *Strickland* at 694.

{¶ 17} As previously discussed, Lowe first argues that his trial counsel was ineffective for failing to advise him to plead no contest to his charges, as opposed to guilty, so that he could preserve the right to appeal the trial court's decision overruling his motion to suppress. It is well-settled that, "[u]nlike a plea of no contest, a plea of guilty waives any error on the part of the trial court in failing to suppress evidence." (Citations omitted.) *State v. Carson*, 2d Dist. Montgomery No. 20285, 2004-Ohio-5809, ¶ 8. In addition, "[a] guilty plea waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary." *State v. Hurtado*, 2d Dist. Montgomery No. 26892, 2017-Ohio-1465, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992). Therefore, "only ineffective assistance of counsel relating to the plea proceeding, itself, will survive a plea of guilty[.]" *State v. Fitzgerald*, 2d Dist. Greene No. 2001-CA-124, 2002-Ohio-3914, ¶ 43.

{¶ 18} In this case, the record of the plea proceeding reflects that Lowe entered knowing, intelligent, and voluntary guilty pleas in compliance with Crim.R. 11. Any advice that Lowe's trial counsel may or may not have given Lowe with respect to his guilty pleas is not part of the record before us. We have explained that when arguing ineffective assistance on grounds that counsel allowed the defendant to plead guilty, as opposed to no contest, the defendant must establish that: "(1) the State would have agreed to a no-contest plea on the same terms; (2) counsel failed to advise the defendant that a no-contest plea, in contradistinction to a guilty plea, would preserve the pretrial issue for appeal; and (3) had defendant been so advised, the defendant would have

rejected the plea offer." *State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633, ¶ 82 (2d Dist.), citing *State v. McGlown*, 2d Dist. Montgomery No. 25434, 2013-Ohio-2762, ¶ 17. Here, Lowe concedes that there is nothing in the record indicating whether his trial counsel advised him of his right to plead no contest.

{¶ 19} In *State v. Lindsey*, 2d Dist. Montgomery No. 28025, 2019-Ohio-1550, this court addressed a similar scenario and stated:

Here the record does not reflect what counsel advised Lindsey about pleading guilty as opposed to no contest or whether counsel told him that pleading guilty would not preserve the suppression issue for appeal. Because the record on appeal does not show what counsel told Lindsey about these issues, he cannot demonstrate deficient performance. *See State v. McGlown*, 2d Dist. Montgomery No. 25434, 2013-Ohio-2762, ¶ 17. For all we know, Lindsey could have disregarded advice to plead no contest and elected to plead guilty, accept responsibility, and hope for sentencing leniency from the court. But even if we assume, arguendo, that counsel provided deficient representation by failing to advise Lindsey to plead no contest and failing to explain all ramifications of pleading guilty, we see no resulting prejudice, because the record fails to demonstrate any basis for challenging the trial court's suppression ruling.

*Lindsey* at ¶ 17.

{¶ 20} For the same reasons discussed in *Lindsey*, Lowe cannot establish either deficient performance or prejudice to support his first ineffective assistance of counsel

claim. Like *Lindsey*, there is nothing in the record indicating what Lowe's trial counsel told Lowe about pleading guilty or whether counsel advised Lowe that pleading no contest would preserve his ability to challenge the trial court's suppression ruling on appeal. Without this information, Lowe cannot establish that his trial counsel performed deficiently.

{¶ 21} Lowe also cannot establish that he suffered any prejudice from his trial counsel's alleged deficient performance. This is because even if Lowe had entered a no-contest plea and preserved his right to appeal the trial court's suppression ruling, the outcome of the proceedings would not have been different given that there was no legitimate basis to challenge the trial court's suppression ruling. The testimony given during the suppression hearing supported the trial court's finding that Ofc. Holloway had, at the very least, reasonable suspicion of criminal activity to stop Lowe in order to investigate the counterfeit $100 bill. *See State v. Etherington*, 172 Ohio App.3d 756, 2007-Ohio-4097, 876 N.E.2d 1285, ¶ 12 ("[i]t is well established that the police may stop and briefly detain people for investigative purposes based on a reasonable suspicion of criminal activity"), citing *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The testimony also supports the trial court's finding that, after Lowe punched and shot Ofc. Holloway, there was probable cause to arrest Lowe and to conduct a search incident to his arrest. *See State v. Frazee,* 2d Dist. Montgomery No. 26699, 2015-Ohio-4786, ¶ 10 ("an officer making a lawful arrest may conduct a warrantless search of the arrestee's person and of the area 'within his immediate control' "), quoting *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Accordingly, we fail to see any

legitimate grounds on which to challenge the trial court's conclusion that the evidence obtained from the warrantless search and seizure of Lowe was obtained lawfully and was not subject to suppression. Lowe does not offer any basis for challenging this conclusion either.

**{¶ 22}** For all the foregoing reasons, Lowe's first ineffective assistance of counsel claim lacks merit.

**{¶ 23}** Lowe next argues that his trial counsel was ineffective for failing to raise an argument in his motion to suppress claiming that the procedure Ofc. Holloway used to identify him was unduly suggestive. Because this claim does not concern the knowing and voluntary nature of Lowe's guilty plea, it was waived as a result of Lowe's guilty pleas. *See Hurtado*, 2d Dist. Montgomery No. 26892, 2017-Ohio-1465, at ¶ 11.

**{¶ 24}** Even if the claim had not been waived, Lowe's trial counsel cannot be deemed deficient for failing to raise a meritless issue. *See State v. Hawkins*, 2d Dist. Montgomery No. 29761, 2023-Ohio-3728, ¶ 31, citing *State v. Taylor*, 78 Ohio St.3d 15, 31, 676 N.E.2d 82 (1997). The procedure that Ofc. Holloway used to identify Lowe was a meritless issue because it was irrelevant to the conduct for which Lowe was charged. Whether it was unduly suggestive for Holloway to use a single photograph to identify Lowe as the person who tendered the counterfeit $100 bill had no bearing on Lowe's conduct of punching and shooting Holloway, concealing a firearm, having a weapon while under disability, and/or possessing cocaine. Indeed, the manner in which Holloway identified Lowe was completely irrelevant to any of that conduct.

**{¶ 25}** Because the alleged unduly suggestive nature of Ofc. Holloway's

identification procedure was irrelevant to Lowe's charges, it would have been unnecessary and inappropriate for Lowe's trial counsel to raise an argument on that matter in the motion to suppress. Accordingly, trial counsel's failure to raise the unduly-suggestive-identification-procedure argument in the motion to suppress did not constitute deficient performance. Lowe also cannot establish that he was prejudiced by his trial counsel's failure to raise that argument in the motion to suppress, because suppressing the Dollar General employees' identification of Lowe would have had no effect on the outcome of the proceedings, because Lowe was lawfully identified via his identification card at the time of his arrest.

{¶ 26} For all of the foregoing reasons, Lowe's second ineffective assistance of counsel claim lacks merit as well.

{¶ 27} Lowe's first and second assignments of error are overruled.

## Conclusion

{¶ 28} Having overruled both assignments of error raised by Lowe, the judgment of the trial court is affirmed.

. . . . . . . . . . . .


EPLEY, P.J. and LEWIS, J., concur.